THE STATE OF MISSOURI, Defendant in Error, *v.* HENRY MEER-CHOUSE, Plaintiff in Error.

*Crime—Burglary.*—The breaking into a dwelling-house, with intent to steal, is a burglary, although there be no one in the house at the time. (R. C. 1855, p. 573, § 11.)

*Error to Osage Circuit Court.*

*J. E. Belch*, for plaintiff in error.

*Welch*, (Attorney General,) for defendant in error.

BAY, Judge, delivered the opinion of the court.

At the May term, 1863, of the Osage Circuit Court, the defendant was indicted for burglary and larceny, and at the November term following tried and convicted. The usual motions for new trial and in arrest were made and overruled, and the case is brought here by writ of error. No objections have been urged to the instructions given on the part of the State. The defendant asked five instructions, and it is insisted by the Attorney General that all were given, while it is contended by defendant's counsel that his fifth instruction was refused. The difficulty grows out of the imperfect manner in which the record is made up. From all, however, that we can gather from the record, it appears that the instruction, as asked by defendant, was in the following words: "A dwelling-house is a house in which the occupier and his family usually reside at the time the burglary was charged to have been committed."

The court gave the instruction with the following words added: "That is, the building was a dwelling-house, and not an out-house."

During the argument of the case, and while defendant's counsel was addressing the jury, some altercation took place between the court and counsel as to the meaning and interpretation that should be given to the instruction, whereupon

State v. Meerchouse.

the court withdrew the instruction and gave the following in lieu of it:

" A dwelling-house is a house in which the occupier and his family usually reside, and in this case it is not necessary that any person should be actually in the house."

We see in this no ground for reversing the judgment. The instruction, as finally given, is subject to no legal objection, and substantially contains the principle embraced in the instruction, as asked by defendant.

It has, however, been very ingeniously argued, that the building alleged to have been broken open was not a dwelling-house, and, therefore, the offence is not burglary. The proof upon this point shows that the premises belonged to one Frans Hutchmeyer. Hutchmeyer was a witness on the part of the State, and testified that he was the owner of a dwelling-house in Osage county; that he had lived in the house, but moved out of it some time in the spring of 1862, and went about four or five miles off to live with his brother, leaving a part of his furniture in the house; that he returned in three or four months; that at the time he left he locked the house up, and that during his absence no person had lived in it; that on his return to the house he discovered that it had been broken open and some things stolen.

As this indictment is for burglary in the second degree, it is not necessary to show that any person was in the house at the time of the breaking and entering; but it is necessary that the house should be a dwelling-house. In Roscoe's criminal evidence, (5th Am. Ed.,) p. 350, reference is made to many of the leading English cases, from which it appears that a temporary locking up of the house, or absence of the proprietor and his family, does not make it any the less a dwelling-house. The following cases are particularly cited:

If A, says Lord Hale, has a dwelling-house, and he and his family are absent a night or more, and in their absence a thief breaks and enters the house, to commit felony, this is burglary. (1 Hall, P. C. 556; 3 inst. 64.)

So if A have two mansion-houses, and is sometimes with his family in one and sometimes in the other, the breach of one of them, in the absence of his family, is burglary. (Id. 4 Rep. 40, *a.*)

So if A have a chamber in a college or inn of court, where he usually lodges in term time, and in his absence in vacation his chamber or study is broken open, this is burglary. (1 Hale, P. C. 556.)

Again, the prosecutor being possessed of a house in Westminister, in which he dwelt, took a journey into Cornwall, with intent to return, and move his wife and family out of town, leaving the key with a friend, to look after the house. After he had been absent a month, no person being in the house, it was broken open and robbed. He returned a month after with his family. This was adjudged burglary. (2 East, P. C. 496.)

In this country it has been held, that if A have a residence in the city and one in the country, residing with his family during the summer in one, and in the winter in the other, the breach of either, during the absence of A and his family, (though no person may be sleeping in it,) for the purpose of committing a felony, is burglary.

It is equally well settled, that if the owner locks up his house and leaves it, with a settled purpose not to return, it ceases to be his dwelling-house, in the sense necessary to make an unlawful breaking a burglary. To continue it his mansion-house, he must have quitted it *animo revertendi.*

In the case at bar, we think it apparent that the owner of the premises had no intention to remain away permanently. He left most of his furniture in the house ; made no effort to rent it or make any disposition of it whatever, and returned to it after an absence of three or four months at his brother's, who resided in the same county.

The other judges concurring, the judgment will be affirmed.