MARSTON & a. v. STICKNEY & a.

| 58 | 609 |
| 67 | 568 |
| 68 | 130 |

A description of real estate, as a dwelling-house, in a deed, may pass a house,
   the buildings belonging to it, its curtilage, garden, orchard, and the close
   on which it is built, with reasonable limitations according to the circum-
   stances of the case.

A description of real estate is sufficient in an officer's return if it would pass
   the title in a deed.

A levy of an execution, when there has been an attachment to secure a
   statutory lien, and a judgment *in rem,* is not wholly void if the debtor
   owns a less interest than is set off, or if the levy includes other land than
   that attached.

BILL IN EQUITY, for partition. Facts agreed. December 26, 1873, the plaintiffs severally sued William W. Stickney, of St. Louis, Missouri, a nephew of the defendant, for labor and material furnished him to build a dwelling-house on School street in Lebanon, and on the same day caused the attachment of the following property, and a return of the same to be made on each of the writs, viz.,—" The dwelling-house lately erected by said defendant, on School street, in Lebanon in said county, to secure and preserve the plaintiff's lien, by leasing," &c.

The creditors of William W. Stickney duly filed a petition in bankruptcy against him, November 21, 1873, and he was adjudged a bankrupt April 9, 1874, The assignees in bankruptcy were summoned as required (*Marston* v. *Stickney*, 55 N. H. 383), and judgments " against the property attached on the writs " were rendered at the March term, 1875 ; executions were duly issued and levied upon certain real estate by metes and bounds, containing about two acres, the dwelling-house attached being on the lot; also another dwelling-house, about twenty rods distant from the first, on the opposite side of the lot. Wm. W. Stickney owned the two acres of land. The set-off was made by appraising he whole, and then giving to each plaintiff an undivided share.

*Dole* and *Shirley*, for the plaintiff.

*Spring*, for the defendant.

BINGHAM, J. The defendants claim that the land was not attached on which the house stood; that the house as described in the officer's return is personal property, and, being attached as real estate, the attachment is void ; that if some land was attached, the entire quantity levied upon was not, and that the levy is void, also, for this reason.

William W. Stickney was the owner of the two acres of land at the time he built upon it the house attached. This settles the question as to the house being personal property. If the owner of land erects a permanent dwelling-house upon it, the house becomes a part of the realty.

The statute gave the plaintiffs a lien on the house and land on which it stood, for a given time, to secure them for the labor and material furnished in building it ; and the inquiry is whether the lien was secured by attachment. A grant or devise of a dwelling-house will convey the buildings belonging to it, its curtilage, garden, orchard, and the land on which the house is built, with reasonable limitations. Gen. St., Glossary, Messuage; *Gibson* v. *Brockway*, 8 N. H. 465 ; *Bean* v. *Brackett*, 34 N. H. 102, 119 ; *Davis* v. *Handy*, 37 N. H. 65, 71 ; *Johnson* v. *Rayner*, 6 Gray 107, 110 ; 2 Bouv. L. Dic., Messuage.

In *Howard* v. *Daniels*, 2 N. H. 137, it was held that in an officer's return, in which land was attached, the description was sufficient if it would pass the title in a deed. In *Moore* v. *Kidder*, 55 N. H. 488, the doctrine of *Howard* v. *Daniels* was affirmed, and a description of the land in the return, as being all the defendant's real estate in town,

was held sufficient. It does not appear whether this dwelling-house had buildings belonging to it, a curtilage, garden, and orchard, or such facts as enable us to determine the quantity of land that would be conveyed by a deed containing a like description; and we do not attempt to decide how much land was conveyed by the attachment, but whether there was any. *Forbush* v. *Lombard*, 13 Met. 109.

A deed of the dwelling-house, giving the description that is given in the officer's return, in this case would have proved the title at least to the land on which it stood; and we think that the authorities in this state make it a sufficient description in the officer's return, to make an attachment of so much real estate as would be conveyed by the same description in a deed. When land is occupied and improved by buildings designed for a particular purpose, which comprehends its practical beneficial use and enjoyment, it is aptly designated and conveyed by language that describes the purpose to which it is thus appropriated. *Johnson* v. *Rayner*, *supra*.

All the land attached was included in the levy, and if it included more, as is quite probable, was it void on that account? When a debtor owns, in land, a less interest than that which is set off, the interest that he actually owns will pass to the creditor. *Bank* v. *Brooks*, 2 N. H. 148; *Kelly* v. *Burnham*, 9 N. H. 22; *Litchfield* v. *Cudworth*, 15 Pick. 23; *Bank* v. *Williams*, 17 Pick. 438; *Smith* v. *Knight*, 20 N. H. 9, 16.

If it is finally determined that the levy covers more land than was attached, and that it was made through accident or mistake, it is not necessarily void, even if including the whole should be held a defect that should be remedied. It would be made right if the plaintiffs should quitclaim the part improperly included. *C. P. Inst.* v. *Stone*, 52 N. H. 365; *Moore* v. *Kidder*, 58 N. H. 115.

It does not appear now that there will be any occasion for a quitclaim, for, if the plaintiff's attachment did not cover the entire land, the levy fails as to all except what was attached.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.