THURMAN H. SMITH, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed July 20, 1920.

1. The term "dwelling house" in the law of burglary is defined as the apartment, building or cluster of buildings in which a man with his family resides.

2. Words employed in a statute having acquired a fixed and definite meaning, it will be presumed, in the absence of any definition in the statute, that they were intended to be used in that sense by the Legislature.

3. In order to uphold a conviction under the statute defining the offense and prescribing the penalty for breaking and entering a dwelling house, it must be alleged and proved that the dwelling house alleged to have been broken and entered was the dwelling house in fact of another at the time of the alleged breaking and entry.

4. In order that a house may come within the common law definition of burglary it must be in fact the dwelling house of another at the time of the breaking and entry; and the same is true under a statute punishing the breaking and entering of a dwelling house. The character of the house is generally immaterial if it is occupied as a dwelling.

5. Temporary absence of the occupant does not take away from a dwelling house its character as such, but it must be made to appear that such occupant left the house *animo revertendi* in order to constitute an unlawful breaking and entry of the house during such absence burglary.

A Writ of Error to Circuit Court of DeSoto County; Geo. W. Whitehurst, Judge.

Judgment reversed.

*W. D. Bell,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General and *Worth W. Trammel,* Assistant, for the State.

WEST, J.—The plaintiff in error, hereafter referred to as the defendant, was indicted in the Circuit Court for DeSoto County on a charge of breaking and entering a dwelling house with intent to commit a felony, to-wit, grand larceny. Upon a trial of the case there was a verdict of guilty as charged. Motion for a new trial was made and denied. By the sentence imposed the defendant

was required to serve a term of one year at hard labor in the state prison. Writ of error was taken from. this court to the judgment of the court below imposing this sentence.

The prosecution is under Section 3281, General Statutes of 1906, Compiled Laws, 1914, denouncing the offense and prescribing the penalty for breaking and entering a dwelling house.

The term "dwelling house" in the law of burglary is defined in Bishop's Statutory Crimes (3 ed.) §278, as "the apartment, building or cluster of buildings in which a man with his family resides." In Wharton's Criminal Law, §993, it is said: "The breaking and entry, to constitute a burglary, must be ordinarily into the dwelling house of another; that is to say, a house in which the occupier and his family usually reside, or, in other words, dwell and lie in."

Having obtained a fixed and definite meaning, it will be presumed, in the absence of any definition in the statute, that words employed were intended to be used in that sense by the Legislature. Accordingly, in order to uphold a conviction under the statute it must be shown that the dwelling house alleged to have been broken and entered was the dwelling house in fact of another at the time of the alleged breaking. and entry. 6 Cyc. 185; ex parte Vincent, a Slave, 26 Ala. 145, 62 Am. Dec. 714; State v. Clark, 89 Mo. 423, 1 S. W. Rep. 332; Schwabacher v. People, 165 Ill. 618, 46 N. E. Rep. 809.

In 6 Cyc. 185 on this subject it is said: "In order that a house may come within the common-law definition of burglary it must be in fact the dwelling-house of another

at the time of the breaking and entry; and the same is true under a statute punishing the breaking and entering of a dwelling-house. The character of the house is generally immaterial if it is ocupied as a dwelling. The house must be occupied as a dwelling-house, and not merely be suitable or intended for such purpose. The owner or occupant, or some member of his family, or a servant, must sleep there. If it is so occupied the temporary absence of the occupant will not prevent it from being the subject of burglary as a dwelling-house; but a house, although furnished as a dwellnig-house, loses its character as such for the purpose of burglary if the occupant leaves it without the intention to return. Occasionally sleeping in a house is not enough to make it a dwelling-house. In some States, by statute, dwelling-houses are the subject of burglary, and may be described as such, whether they are occupied or not."

Temporary absence of the occupant does not take away from a dwelling-house its character as such, but it must be made to appear that such occupant left the house *animo revertendi* in order to constitute an unlawful breaking and entry of the house during such absence burglary. 4 R. C. L. 426-7; 2 East's P. C. 496; Handy v. State, 46 Tex. Crim. Rep. 406, 80 S. W. Rep. 526; State v. Mason et al, 74 Oh. St. 65, 77 N. E. Rep. 283; Harrison v. State, 74 Ga. 801; State v. Meerchouse, 34 Mo. 344, 86 Am. Dec. 109.

From the evidence in this case it appears that the house alleged to have been broken and entered by defendant was unoccupied at the time of the alleged breaking and entry. Formerly it had been occupied as a dwelling house by the owner, who resided in it with his family. Some nine months prior to the alleged breaking

and entry the owner had vacated the house and moved with his family into another building. During this period the house remained unoccupied, but some of the household effects of the owner and his family were left in it and remained there. There is, however, no evidence in the record to the effect that the owner intended to return and again occupy the alleged dwelling house as a dwelling house in fact. In other words, there is no evidence in the record to the effect that the absence of the occupant was temporary. We are not permitted to infer that this was the case, and since it appears that the alleged dwelling house had been vacant for a period of nine months, in the absence of any proof that the occupant intended to return and re-establish his residence therein, there is a failure in the evidence to prove the essential allegation of the indictment, that the house alleged to have been broken and entered by defendant was a dwelling house.

The judgment must therefore be reversed and the case remanded for a new trial.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.