JAMES HENDERSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed October 6, 1920.

A dwelling house loses its character as such within the meaning of Section 3281, General Statutes of Florida, providing punishment for breaking and entering a dwelling house, when the occupant leaves it without the intention of returning to occupy it as a dwelling.

A Writ of Error to the Circuit Court for Okaloosa County; A. G. Campbell, Judge.

Judgment reversed.

*Walter Kehoe* and *T. R. James,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

ELLIS, J.—Plaintiff in error was indicted, tried and convicted upon the charge of breaking and entering a dwelling house. The offense was alleged to have been committed on March 1st, 1919. The evidence shows that the person whose dwelling house was entered, according to the allegations of the indictment, did once live in the house, but on the 17th day of February, 1919, he moved from the house which was near Laurel Hill to a house at Culver. When he moved away he left some quilts and clothes and other articles that belonged to his sister in the house, but she had moved away the day before.

Some time in February when the former occupant of the house returned, it is not shown for what purpose, the articles belonging to his sister had been removed. They were afterwards found in defendant's possession, who said that he found them in a woods near his place, that they were in a sack and wet, that he carried them home, spread them on his fence to dry and then took them in the house.

The case is reversed upon the authority of Smith v. State, decided at the present term, which holds that a dwelling house loses its character as such within the meaning of the statute providing punishment for breaking and entering a dwelling house if the occupant leaves without the intention of returning to occupy it as a dwelling.

Judgment reversed.