UNITED CARBON COMPANY, Appellant,

v.

W. M. CONN, etc., Appellees.

Court of Appeals of Kentucky.

Nov. 10, 1961.

O. T. Hinton, Pikeville, Clifford Latta, Prestonsburg, for appellant.

Woodrow Burchett, Prestonsburg, for appellees.

PALMORE, Judge.

The main question involved on this appeal is what is included by the term "one dwelling house" as it is used in the free gas provision of an oil and gas lease.

The lease entitles W. M. Conn, the appellee, who resides on the leasehold, to free gas "for heat and light in one dwelling house" on the premises up to 200,000 cubic feet per year, all gas taken in excess of that quantity to be paid for at "current published local rates." On October 16, 1959, in a suit brought by the lessee (appellant, hereinafter called the company), the circuit court entered a judgment enjoining appellee and his son, Emmitt Conn, who also resides on the leased premises but in a separate dwelling, "from maintaining any service lines to any building or buildings other than the residence * * * of W. M. Conn," etc.

The lawsuit was occasioned by the fact that the connection with the gas well had been extended to include not only the appellee's house, but also the separate dwelling house of Emmitt Conn and several other buildings, each under separate roof. The judgment, however, did not end the trouble. Contending that they were a part of his residence, the appellee did not disconnect the service lines to his garage, a wash house that contained the hot water heater for his house, and a small building containing a sleeping room used by a member of his immediate family. This led to a redocketing of the case and a rule to show cause why appellee should not be held in contempt. After hearing evidence on the rule the circuit court discharged it and found appellee not to be in contempt. The final order so determining, in which the trial court concluded that appellee's "residence" included the garage, wash house, and separate sleeping apartment, is the action from which the company appeals.

The word "residence" in the judgment necessarily referred to the term "dwelling house" used in the lease. It is traditional to the common law that a "dwelling" or "dwelling house" includes the cluster of buildings in which a man with his family resides and extends to such outbuildings as are within the curtilage. Bouvier's Law Dictionary. See also Words and Phrases, Vol. 13, pp. 716 et seq., and, more specifically, Italian-American Building & Loan Ass'n of Passaic County v. Russo, 1942, 132 N.J.Eq. 319, 28 A.2d 196; Horst v. Handke, 1921, 190 Iowa 658, 180 N.W. 762, 769; Smith v. State, 1920, 80 Fla. 315, 85 So. 911, 912; Marston v. Stickney, 1879, 58 N.H. 609, 610; Daniels v. Commonwealth, 1887, 9 Ky.Law Rep. 276, 4 S.W. 812. That description covers the buildings in question here.

The company cites a stipulation made by the parties during the course of the litigation prior to the judgment of October 16, 1959, to the effect that "the defendant is entitled to use gas from this well only inside his dwelling house, and not in any other dwelling house, or any garage or apartment building, or office building." However, it is the judgment that finally defines and determines the rights of the parties, and it supersedes all interlocutory actions.

In a cross-appeal the appellee attacks certain aspects of the judgment entered on October 16, 1959. It is too late. Neither party appealed from it by filing a notice of appeal within the time provided by the rules.

Judgment affirmed.