188 So.2d 61 (1966)
Elsie Hursey JOHNSON, a/k/a Elsie Townsend, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 65-281, 65-282.
District Court of Appeal of Florida. Third District.
June 21, 1966.
*62 Verne Freeland, Miami, for appellant.
Earl Faircloth, Atty. Gen., and James T. Carlisle, Asst. Atty. Gen., for appellee.
Before HENDRY, C.J., and PEARSON and CARROLL, JJ.
PEARSON, Judge.
Elsie Johnson has brought two appeals to this Court. The first is from a judgment and sentence of five years for breaking and entering a dwelling house with the intent to commit a felony, and the second is from a judgment revoking probation upon her conviction in 1961 of the crime of issuing a worthless check of over $100.00. A sentence of five years was entered on the 1961 conviction. The trial court ordered that the sentences should run concurrently. *63 The appeals were consolidated for all appellate purposes.
Appellant's first point urges that the trial court improperly revoked the probation and sentenced the appellant under the 1961 conviction. It is urged that because the revocation took place at the conclusion of the trial for breaking and entering, the appellant did not have sufficient notice and opportunity to be heard. We have examined the record and find that it conclusively refutes appellant's position. She was represented by an attorney of her own choice who made extensive arguments before the court and was given an opportunity to present any evidence that he may have desired to present.
Appellant's second and third points are directed to the sufficiency of the evidence to sustain the conviction of breaking and entering a dwelling house. It is alleged that ownership was insufficiently proved and that the real property was not proved to be a "dwelling house."
The record reveals that custody of the real property was in a real estate saleswoman who had an exclusive listing for the sale of the property and was in actual possession. We hold the proof of ownership sufficient under Addison v. State, 95 Fla. 737, 116 So. 629 (1928), and Gagne v. State, Fla.App. 1962, 138 So.2d 90. Cf., Smith v. State, 96 Fla. 30, 117 So. 377 (1928).
Appellant's third point raises the question of whether a structure in which no one is living, but which has been recently lived in and is presently up for sale, is a dwelling house within the meaning of section 810.01, Fla. Stat., F.S.A. This statute provides a penalty for "[w]hoever breaks and enters a dwelling house, or any building or structure within the curtilage of a dwelling house" with the intent to commit a felony. In the present instance, the determination is somewhat complicated by the fact that the home on the premises had been disrupted. The husband had died and the wife had been confined to a mental hospital.
The law of Florida is established in Smith v. State, 80 Fla. 315, 85 So. 911 (1920); and Henderson v. State, 80 Fla. 491, 86 So. 439 (1920). The Smith case held:
"Temporary absence of the occupant does not take away from a dwelling house its character as such, but it must be made to appear that such occupant left the house animo revertendi in order to constitute an unlawful breaking and entry of the house during such absence burglary. * * * There is, however, no evidence in the record to the effect that the owner intended to return and again occupy the alleged dwelling house as a dwelling house in fact. In other words, there is no evidence in the record to the effect that the absence of the occupant was temporary. We are not permitted to infer that this was the case; and, since it appears that the alleged dwelling house had been vacant for a period of nine months, in the absence of any proof that the occupant intended to return and re-establish his residence therein, there is a failure in the evidence to prove the essential allegation of the indictment that the house alleged to have been broken and entered by defendant was a dwelling house." (85 So. at 912).
The foregoing rule has almost uniform application throughout the United States. See Annotation 85 A.L.R. 428; 12 C.J.S. Burglary § 17; 13 Am.Jur.2d Burglary §§ 3 and 4.
Applying the criteria set forth above to the facts of this case, we reach the conclusion that there is a fatal variance between the allegation that the appellant broke and entered a dwelling house and the proof  she broke and entered a building that was not being used as a dwelling. The building was clearly not the dwelling of the real estate saleswoman, and there is no proof that the mentally-ill wife had an intent to return.
It was incumbent upon the State to prove each element of the crime. Thus, *64 when the proof is that a building, which is alleged to be a dwelling house, was not occupied at the time of the breaking, the State has the burden of proving that the occupant's absence was temporary. To hold otherwise would shift the burden of proof to the defendant and require her to prove the absence of an intent to return.
The defendant was tried and convicted of the crime defined in section 810.01, Fla. Stat., F.S.A.; that is, breaking and entering a dwelling house with the intent to commit a felony. The breaking and entering of any other building with the intent to commit a felony is prescribed by section 810.02, Fla. Stat., F.S.A. It is suggested by the State that the crime described in section 810.02, breaking and entering other buildings, is a lesser included offense of the crime described in section 810.01, breaking and entering a dwelling house. It is argued that since all of the elements of "breaking and entering other buildings" were proved, the appellant should not be discharged upon remand but should be resentenced under the proper section of the statute.
We think that it logically may be held that the crime described in section 810.02 is a lesser included offense in section 810.01. In dealing with the same chapter, the District Court of Appeal, Second District held:
"The crimes set forth in Chapter 810, Florida Statutes, F.S.A., although not all burglary under the common law, have been considered for many years as a species of burglary. State ex rel. Interlandi v. Petteway, 1934, 114 Fla. 850, 155 So. 319."
"A charge of breaking and entering with intent to commit a felony necessarily includes as a lesser offense a violation of Section 810.05, Florida Statutes, F.S.A. Jalbert v. State, Fla. 1957, 95 So.2d 589."
Isaac v. State, Fla.App. 1961, 134 So.2d 38, 39.
In Blanco v. State, 150 Fla. 98, 7 So.2d 333 (1942), the Supreme Court held that unarmed robbery was included in an information charging armed robbery.[1] See also Swain v. State, Fla.App. 1965, 172 So.2d 3.
Section 919.16, Fla. Stat. 1963, F.S.A., provides that upon an indictment or information for an offense, the jurors may convict the defendant of any offense which is necessarily included in the offense charged.
Section 906.25, Fla. Stat. 1963, F.S.A., provides that no new trial shall be granted on account of any defect in the form of the indictment or information or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information, is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of the defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense. Therefore, the pertinent inquiry is whether or not the accused could have been misled or embarrassed in the preparation of her defense by allowing the prosecution for breaking and entering a building when the information alleges breaking and entering a dwelling. An examination of these two sections (810.01 and 810.02) results in a conclusion that the elements of the two crimes are the same except that section 810.01 carries the additional requirement that the building must be a dwelling house. We therefore conclude that the appellant could not have been embarrassed or misled in her defense by the fact that she was charged with the major crime. Although the adjudication of guilt of the violation of section 810.01 must be set aside, we find no need for a retrial. A retrial would be upon issues already tried and upon which the appellant was found guilty. The trial was free of error except that an element which is in the nature of an aggravation[2] of the basic offense was not proved. *65 Cf. Blanco v. State, 150 Fla. 98, 7 So.2d 333 (1942).
Therefore, the appeal from the judgment and sentence entered upon the revocation of probation, which is the subject of appeal no. 65-281, is affirmed, and the judgment and sentence upon the verdict of the jury, which is the subject of appeal no. 65-282, is reversed. The cause in 65-282 is remanded to the trial court with directions to enter judgment for the lesser offense (section 810.02, Fla. Stat. 1963, F.S.A.), and to pass sentence accordingly. See Fla. Stat. 1963, §§ 924.34, 924.36, F.S.A.
Affirmed in part, reversed in part and remanded.
NOTES
[1] The statutes which made a distinction between armed and unarmed robbery were repealed in 1953. See Laws of Fla. 1953, Ch. 28217, § 2; and Fla. Stat. 1963, § 813.011, F.S.A.
[2] See Rimes v. State, 36 Fla. 90, 18 So. 114 (1895).