LILES, Chief Judge.
Defendant-appellant was charged by information filed on June 10, 1967, with the offense of breaking and entering a dwelling house with intent to commit a misdemeanor. Following the trial wherein the defendant was found guilty, the trial judge sentenced him to a term of six months to five years imprisonment. This appeal followed.
At the trial Mr. Ernest Wichelns, the arresting officer, testified that he received a telephone call on June 9, 1967, informing him that a party might attempt to break into the Coach House Restaurant in Clear-water, Florida. He notified the Sheriff’s Office of this fact and a stakeout was established in the apartment adjoining the restaurant and bar. The occupant of the apartment, a Mrs. Craig, was at that time in the process of moving. She had packed some of her personal belongings preparatory to moving to Virginia, but the record shows that she had not yet vacated the premises. When she was informed of the likelihood of a breaking and entering and of the officer’s desire to maintain a stakeout on the premises, Mrs. Craig spent the night in a local motel. Shortly before midnight, the defendant entered the apartment. When ordered to halt, he ran to leave the building, was shot, fell to the floor and was arrested. On the following day, Mrs. Craig returned to the apartment to finish packing and to move.
Defendant urges that two errors were committed by the lower court, either of which entitle him to a new trial. Initially, defendant has assigned as error the trial court’s failure to grant him a directed verdict, in view of the State’s failure to prove that the building entered was a dwelling house. Defendant cites the cases of Henderson v. State, Fla.1920, 80 Fla. 491, 86 So. 439, and Smith v. State, Fla.1920, 80 Fla. 315, 85 So. 911, to support this contention.
Whether or not the premises in question were vacated or occupied at the time of the crime was a question for the trier of fact. The jury found the premises to be occupied and from the record there *664 was sufficient evidence to support such finding. Moreover, the present case is unlike the cases cited above in that there was clear evidence in those cases that the premises entered had been abandoned for some time prior to the breaking and entering.
Secondly, the defendant asserts that the trial court erred in its failure to-explain the meaning of Section 810.07, Florida Statutes, F.S.A., and that this failure so confused the jury as to be considered fundamental error. The trial court instructed the jury under Section 810.07, Florida Statutes, F.S.A. as follows:
“There is also a statute in the State of Florida that in a trial on a charge of breaking and entering a dwelling house with intent to commit a misdemeanor, proof of the entering of such dwelling house in the nighttime, stealthily, without consent of the owner or any occupant thereof, shall be prima facie evidence of entering with intent to commit a misdemeanor, in the absence of proven intent to commit any specific crime.”
No further explanation or instruction was given relative to the statute in question. No further instruction was offered or requested by the defendant. No objection was made to the instruction that was given. We do not believe fundamental error occurred, and the defendant clearly did not preserve the point for appeal. The Supreme Court of Florida held in State v. Jones, Fla.1967, 204 So.2d 515, that where no formal request for instruction is made the failure to give that instruction cannot then be assigned as error on appeal.
We further note that no Florida cases have been cited and none have been found making it necessary to give a further instruction or explanation to a charge given pursuant to Section 810.07, Florida Statutes, F.S.A., and we do not believe that the failure to do so is error. Certainly, it is not fundamental error; and since defendant failed to preserve the point for our consideration, we cannot now review it on appeal.
For the reasons stated, the judgment appealed from is affirmed.
Affirmed.
PIERCE and MANN, JJ., concur.