WIGGINTON, Acting Chief Judge.
Appellant seeks review and asks reversal of a judgment of conviction and sentence based upon a jury verdict finding him guilty of buying, receiving, and concealing stolen goods.
After the jury returned its verdict but before sentence was imposed upon him by the court, appellant’s counsel requested that a presentence investigation be ordered. The court announced that it did not feel that a presentence investigation was necessary or would be helpful so thereupon declined the request. Appellant’s sole point on appeal challenges the correctness of the court’s action in failing to order a presen-tence investigation before imposing sentence upon him.
The statute creating the presentence investigative procedure provides in pertinent part as follows:
“(1) Any court of the state having original jurisdiction of criminal actions, where the defendant in a criminal case has been found guilty by the verdict of a jury or has entered a plea of guilty or a plea of nolo contendere or has been found guilty by the court trying the case without a jury, except for an offense punishable by death, may at a time to be determined by the court, either with or without an adjudication of the guilt of the defendant, hear and determine the question of the probation of such defendant.
“(2) Prior to such hearing the court may refer the case to the parole and probation commission for investigation and recommendation. The court, upon such reference, shall direct the commission and it shall be the duty of the commission to make an investigation and report in writing at a specified time to the court upon the circumstances of the offense, the criminal record, the social history, and the present condition of defendant together with its recommendation.” [1]
The declared purpose of the pre-sentence investigative procedure is to furnish the sentencing court with information which will be helpful in determining whether the imposition of sentence should be suspended and the defendant placed on probation, or the type of sentence which should be imposed in light of the circumstances of the case and the defendant’s past record. Re *877 gardless of the salutary purpose served by following such procedure, the fact remains that the legislature, in enacting the statute, placed it entirely within the sound discretion of the sentencing court as to whether such an investigation should be ordered. The provision authorizing the investigation is strictly permissive and not mandatory. No duty is imposed upon the sentencing court to order an investigation in every instance, and the court may not be held in error for its failure to do so. This is the conclusion reached by the Second District Court of Appeal in Morgan v. State[2] with which decision we are impelled to agree. By the same token, we must reject as unsound appellant’s contention that refusal of a sentencing court to order a presentence investigation of a person convicted of a crime deprives such person of due process or equal protection of the laws. The judgment appealed is affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.

. F.S. § 948.01, F.S.A.

. Morgan v. State (Fla.App.1962), 142 So.2d 308.