PIERCE, Chief Judge.
Appellant Edward C. Melkun appeals to this Court from a judgment of conviction entered against him by the Pinellas County Circuit Court.
On February 19, 1970, Melkun was informed against for the offense of unlawfully receiving and concealing a described motorcycle, belonging to another person, knowing the same to have been recently stolen. Upon plea of not guilty, he was tried by jury which, on May 18, 1970, returned a verdict of guilty. In due course he was adjudged guilty and sentenced to serve a term of imprisonment in the State Prison. It is from this judgment and sentence that Melkun appeals to this Court.
The only point urged here for reversal is the insufficiency of the evidence to convict. But we have examined the record thoroughly and find the evidence to be overwhelmingly sufficient to sustain the jury’s verdict. The tracks of the stolen motorcycle were traced to Melkun’s garage where it was found. Melkun told the investigating officer the motorcycle was brought to his garage by “two guys” and that “he thought it was strange that they brought it there, and he thought it might have been stolen” or, to use his exact words at the time he “thought it might have been hot.” Melkun testified in his own behalf and in many important respects reiterated what he told the officer originally. The evidence was ample to convict.
In addition, the record here reflects no order denying Melkun’s motion for new trial filed after verdict. Such motion for new trial has been held to be essential for an appellate Court to review the issue of sufficiency of evidence to convict. State v. Owens, Fla.1970, 233 So.2d 389; State v. Contreras, Fla.1969, 227 So.2d 306.
Melkun makes the anomalous contention here that the cited cases require only, as a condition prerequisite to consideration of sufficiency of the evidence upon appeal, the filing of the motion for new trial and not necessarily the entry of any order upon the motion. Melkun contends that because he filed such motion for new trial the sufficiency of evidence to convict is available for consideration by this Court even though no order apparently was entered on the motion. Such contention is clearly untenable. The obvious reason for requiring filing of such motion for new trial as an essential prerequisite to consideration of the sufficiency of evidence on appeal is to enable the trial Court to consider and weigh the evidence in the calmness of the after-verdict and if found in any material respect deficient to set it aside and have further *147 proceedings in the case if necessary. This could not be done if the trial Court never ruled on the motion.
The judgment appealed is therefore—
Affirmed.
HOBSON and McNULTY, JJ„ concur.