PER CURrAM.
On the basis of our review of the briefs, the record on appeal and oral argument, we are of the opinion that appellant has failed to demonstrate reversible error with respect to the sufficiency of the information, closing argument of the prosecutor, the instructions to the jury, the necessity of a presentence investigative report, inquiry into mitigating circumstances and the denial of a motion for a new trial. F.S. section 909.06, F.S.A.; Shifrin v. State, Fla.App.1968, 210 So.2d 18; Schoenholtz v. State, Fla.App.1969, 220 So.2d 441; Crossley v. State, Fla.App.1967, 200 So.2d 640; Hall v. State, Fla.App.1965, 179 So.2d 372; Sinclair v. State, Fla.1950, 46 So.2d 453; *747 Peters v. State, Fla.1954, 76 So.2d 147; Victer v. State, Fla.1965, 174 So.2d 544; Melkun v. State, Second District Court of Appeal, 244 So.2d 145, filed February 17, 1971; State v. Owens, Fla.1970, 233 So.2d 389; State v. Contreras, Fla.1969, 227 So.2d 306; State v. Kahler, Fla.1970, 232 So.2d 166; Warren v. State, Fla.App.1969, 227 So.2d 213; F.S. section 918.10(4), F. S.A.; Grace v. State, Fla.App.1968, 206 So.2d 225; Dryden v. State, Fla.App.1968, 214 So.2d 662; Owens v. State, Fla.App. 1968, 215 So.2d 627; Dalton v. State, Fla. 949, 42 So.2d 174; Guarino v. State, Fla.1953, 67 So.2d 650; Forceier v. State, Fla.App.1961, 133 So.2d 336; Williams v. State, Fla.App.1959, 109 So.2d 379; Clinton v. State, Fla.App.1958, 100 So.2d 82; Pearsall v. State, Fla.App.1968, 215 So.2d 58, cert. den., 396 U.S. 912, 90 S.Ct. 228, 24 L.Ed.2d 188; 4 B Fla.Dig., Criminal Law 1038(3); Jackson v. State, Fla.App.1958, 107 So.2d 247; Hamilton v. State, Fla.App.1963, 152 So.2d 793; Bell v. State, Fla.App.1965, 178 So.2d 131; Febre v. State, 1947, 158 Fla. 853, 30 So.2d 367; and Johnson v. State, First District Court of Appeal, 242 So.2d 876, opinion filed January 19, 1971.
 We are, however, of the opinion that the sentence imposed is not compatible with the jury verdict. The jury verdict does not contain any determination that possession was with intent to harm life, limb or property; the jury having found only that appellant was guilty of unlawful possession contrary to F.S. section 552.101, F.S.A. There is, therefore, no indication as to whether the verdict of the jury was predicated upon a finding that such possession was “with the intent to harm life, limb or property” as distinguished from a possession which was a “knowing violation” as set forth in Section 552.22. Under said section a maximum penalty of ten years is provided for possession with the intent to harm life, limb or property; and a maximum penalty of three years is provided for knowingly violating the provisions of Chapter 552, which violation would include possession without a valid permit. The statute contains an ambiguity to the extent that its application should have been clarified prior to the time the jury rendered its verdict.[1] Any doubt as to the meaning of a penal statute must be resolved in favor of the citizen. 9 Fla.Jur., Criminal Law, § 18.
However reprehensible the acts of appellant may have been we are constrained to hold that because of the jury’s failure to make this distinction and the existence of ambiguities within Section 552.22, relating to punishment, which ambiguities were not otherwise clarified prior to rendition of the verdict, that portion of the final judgment imposing sentence is vacated and the cause remanded to the trial court with directions to enter such sentence as the justice of the cause shall require consistent with this opinion.[2]
CROSS, C. J., and OWEN and MA-GER, JJ., concur.

. The information as well as the instructions to the jury fail to make any distinction between a possession which would constitute a “knowing violation” and a possession “with intent to harm life, limb or property”. While any objections to the information or charges were waived, as reflected by the authorities cited above, the silence of the jury verdict raises a doubt as to whether they had determined possession to be with intent to harm life, limb or property.

. It is to be noted that appellant was also charged with and acquitted of certain acts constituting attempts to burn, to wit, the placing of “an unlawful explosive, or combustible material or substance or device in or upon a building or property with intent wilfully and maliciously to set fire to or burn the same”. The failure of the jury to find the requisite “intent” to convict for this charge would tend to reflect the absence of “intent to harm life, limb or property” in connection with the unlawful possession of explosives, particularly when the jury’s verdict with respect to the latter finding is silent on the matter of intent.