346 So.2d 1056 (1977)
Joseph TUKES, Appellant,
v.
STATE of Florida, Appellee.
No. CC-155.
District Court of Appeal of Florida, First District.
June 7, 1977.
Peter Keating, Daytona Beach, for appellant.
Robert L. Shevin, Atty. Gen., Donald K. Rudser, Raymond L. Marky, Asst. Attys. Gen., for appellee.
ERVIN, Judge.
Tukes appeals his fifteen year sentence for breaking and entering a dwelling house with intent to commit a felony. The information incorrectly charged Tukes with violating Section 810.01, Florida Statutes (1973). The statute covering such an offense was repealed by Chapter 74-383, section 66, Laws of Florida and was replaced by Section 810.02, Florida Statutes (Supp. 1974). The failure to cite the proper statute in support of the charge, however, was not assigned as error, and even if it had been so assigned would not be a cause for setting aside the judgment in the absence of a showing of prejudice. Fla.R.Crim.P. 3.140(o).
On September 12, 1975, Tukes was apprehended in the stairway of a vacant house in a drunken condition. Officers found two electric fans, a pressure cooker, linens, blankets and other clothing piled upon an upstairs bed. A vacuum cleaner was found in the back bedroom where a window had been broken. Tukes raises several points on appeal, only one of which we find to be of merit: The trial court erred in failing to grant his motion for directed verdict since the evidence presented did not show the structure broken into was a dwelling. At the time of the offense the house was unoccupied and up for sale although the owner had been in residence the preceding month. We are of the opinion for the reasons stated infra that the structure was not a dwelling and that the sentence imposed must be reduced.
In Smith v. State, 80 Fla. 315, 85 So. 911 (1920), the house which defendant was charged with breaking and entering had been unoccupied for nine months, and although some of the household effects of the owner and his family were left inside it, there was no evidence that the owner intended to return and again occupy it. The court *1057 held in the absence of any proof that the occupant intended to return and reestablish his residence there that there was a failure in the evidence to prove the essential allegation that the structure was a dwelling house. The court approved the following common law definition of a dwelling as cited in 6 Cyc. 185:
"`The house must be occupied as a dwelling house, and not merely be suitable or intended for such purpose. The owner or occupant, or some member of his family, or a servant, must sleep there. If it is so occupied the temporary absence of the occupant will not prevent it from being the subject of burglary as a dwelling house; but a house, although furnished as a dwelling house, loses its character as such for the purpose of burglary, if the occupant leaves it without the intention to return. Occasionally sleeping in a house is not enough to make it a dwelling house. In some states, by statute, dwelling houses are the subject of burglary, and may be described as such, whether they are occupied or not.'" 85 So. at 912.
To the same effect see Henderson v. State, 80 Fla. 491, 86 So. 439 (1920); Johnson v. State, 188 So.2d 61 (Fla. 3rd DCA 1966); Johnson v. State, 190 So.2d 601 (Fla. 3rd DCA 1966). In the latter two cases the Third District Court of Appeal remanded cases to the trial court with directions to enter judgments for lesser offenses under Section 810.02.
This cause is remanded to the trial court with directions to reduce Tukes' sentence to that provided for third degree felonies as stated in Sections 810.02(3) and 775.082(3)(d).
MILLS, Acting C.J., and SMITH, J., concur.