PER CURIAM.
In August, 1990, L.C. and A.F., two juveniles, were seen coming out of a rear bedroom window of an unoccupied house owned by Linda Walker. Ms. Walker had recently inherited the house from her deceased mother who had resided in the house until the time of her death. When confronted by Ms. Walker, one of the juveniles stated that he had heard that the house was abandoned, that people had been coming to take items, and that he and his friend had come to see what they could get. The juveniles were subsequently adjudicated delinquent for burglary of a dwelling, grand theft, and criminal mischief as a first-degree misdemeanor.
The appellants contend that the court erred in adjudicating them delinquent as to burglary of a dwelling because the house had been unoccupied for several months and, therefore, could not be considered a “dwelling” within the meaning of section 810.011(2), Florida Statutes (1989).[1] Appellants argue that the 1982 amendment to the burglary statute, section 810.02, implementing the definition of “dwelling”, was intended only to broaden the category of buildings that may qualify as dwellings, *784 and was not intended to revoke the longstanding requirement in Florida law that a house be inhabited in order to be a dwelling. See Smith v. State, 80 Fla. 315, 85 So. 911 (1920) (in order for a house to be considered a dwelling, the house must be occupied and the owner, occupant, family member, or servant must sleep there with the intention of continuously returning to the premises).
We agree with appellants’ argument that, in amending section 810.011(2), the legislature did not intend to overrule the common-law definition of a dwelling for purposes of the burglary statute. Nevertheless, the appellants’ adjudications on the count of burglary of a dwelling must be affirmed because, under the common-law definition, the house burglarized in this case would still meet the definition of a dwelling. See e.g. Herbert v. State, 439 So.2d 971 (Fla. 1st DCA 1983) (motel room is a “dwelling” within meaning of section 810.011(2), without regard for whether it has been rented out at the time of the offense). A house which otherwise is a dwelling under common law does not lose that character where the only significant change in circumstances is that the sole occupant has died.[2]
Although the house burglarized in this case was unoccupied, it was completely furnished and utility-equipped so that if the new owner by inheritance wished to, she could lodge there overnight. Further, the house still contained all the personal effects of the owner’s recently deceased mother, including family pictures on the walls and numerous personal items of sentimental value.
As to the remaining counts of grand theft and criminal mischief as a first-degree misdemeanor, the State concedes that there was no evidence offered at trial to prove the value of the stolen property. See §§ 812.014(2)(c)(l) and 806.13(1), Florida Statutes (1989). Accordingly, the defendants’ adjudications on these two counts must be reduced to petit theft and criminal mischief as a second-degree misdemeanor respectively. Vaillant v. State, 490 So.2d 1326 (Fla. 3d DCA 1986).
The appellants’ delinquency adjudications for burglary of a dwelling are affirmed; the adjudications for grand theft and criminal mischief as a first-degree misdemeanor are vacated with directions that appellants be adjudicated delinquent for petit theft and criminal mischief as a second-degree misdemeanor.
Affirmed in part; reversed in part.

. Section 810.011(2), Florida Statutes (1989), provides:
"Dwelling” means a building or conveyance of any kind, either temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof, (emphasis added)

. The State relies on State v. Bennett, 565 So.2d 803 (Fla. 2d DCA 1990), where it was held that an unsold mobile home on a sales lot, which was fully furnished but unoccupied and unconnected to utilities, would constitute a “dwelling" for purposes of a burglary prosecution if the mobile home was designed for habitation. We need not decide whether we would reach the same result as the second district had those facts been present in this case.