682 So.2d 1083 (1996)
Houston D. PERKINS, Petitioner,
v.
STATE of Florida, Respondent.
No. 86248.
Supreme Court of Florida.
October 31, 1996.
Houston D. Perkins, pro se, Lowell; and Kathryn L. Sands of Kathryn L. Sands, P.A., Jacksonville, for Petitioner.
Robert A. Butterworth, Attorney General; James W. Rogers, Bureau ChiefCriminal Appeals and Sonya Roebuck Horbelt, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
We have for review Perkins v. State, 630 So.2d 1180 (Fla. 1st DCA 1994). We accepted jurisdiction to answer the following question certified to be of great public importance:[1]
DO THE 1982 AMENDMENTS TO CHAPTER 810, FLORIDA STATUTES, SUPERSEDE THE COMMON LAW DEFINITION OF A DWELLING, WHEREBY A STRUCTURE'S DESIGN OR SUITABILITY FOR HABITATION, RATHER THAN ACTUAL OCCUPANCY OR INTENT TO OCCUPY, IS CONTROLLING IN DETERMINING WHETHER A STRUCTURE CONSTITUTES A DWELLING?
Id. at 1182. For the reasons expressed below, we answer the certified question in the affirmative and approve the decision under review.

FACTS
Houston D. Perkins was charged with and convicted of the offense of burglary of a dwelling, a second-degree felony, under section 810.011(2), Florida Statutes (1995). The *1084 burglarized house was built in 1953 by the present owner and was unoccupied at the time of the burglary. The owner lived in the house for many years, but moved out several months prior to the burglary. The owner had no intent to return to the house as an occupant; however, he periodically rented the home and hoped to rent or sell it in the future "for someone to live in." Perkins, 630 So.2d at 1181.
On the day of the burglary, the house contained various items of personalty, including a stove, refrigerator, washer, microwave, and assorted items in the closets and cabinets. The telephone had been disconnected and the water turned off, but the electricity was on and well water was available on the property. The owner last visited the house three to four weeks before the burglary when he mowed the grass and picked up trash.
Perkins appealed his conviction and sentence, contending that the house he burglarized did not constitute a "dwelling" under section 810.011(2) because it was unoccupied and, therefore, he should have been adjudicated and sentenced only for the offense of burglary of a structure, a third-degree felony under section 810.02, Florida Statutes (1995). In a split decision, the First District affirmed, holding the house Perkins burglarized was a "dwelling" within the meaning of section 810.011(2), but certified the above question for our review.

LAW AND ANALYSIS
Prior to 1982, the courts had to rely on the common law definition of "dwelling" as that word was used in the statutory crime of burglary of a dwelling. For example, in Smith v. State, 80 Fla. 315, 85 So. 911 (1920), we held that under the common law a house was not a "dwelling" where the owner, who had occupied the home with his family, had moved out nine months before the burglary. We focused on the requirement that the house be occupied or that the owner intend to return in explaining the common law:
Temporary absence of the occupant does not take away from a dwelling house its character as such, but it must be made to appear that such occupant left the house animo revertendi[2] in order to constitute an unlawful breaking and entry of the house during such absence burglary.
80 Fla. at 318, 85 So. at 912 (citations omitted). Thus, we held that the common law definition of "dwelling" contemplated that a structure be occupied and not merely capable of or suitable for occupation. See also Tukes v. State, 346 So.2d 1056 (Fla. 1st DCA 1977) (holding a former residence unoccupied for one month and for sale was no longer a "dwelling"). However, section 810.011(2) was amended in 1982 and now provides in pertinent part:
"Dwelling" means a building or conveyance of any kind, either temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof.
This amendment constitutes a significant change in the meaning of the word "dwelling" as used in the burglary statute.
The First District concluded that the house Perkins burglarized constituted a "dwelling" under the plain meaning of section 810.011(2) as amended in 1982. Perkins, 630 So.2d at 1181. Judge Lawrence, writing for the court, explained the significance of the 1982 amendment compared to the prior common law definition of "dwelling":
Occupancy is no longer a critical element under this [statutory] definition. Rather, it is the design of the structure or conveyance which becomes paramount. If a structure or conveyance initially qualifies under this definition, and its character is not substantially changed or modified to the extent that it becomes unsuitable for lodging by people, it remains a dwelling irrespective of actual occupancy. It is, therefore, immaterial whether the owner of an unoccupied dwelling has any intent to return to it.
Id. at 1181-82. We agree with and approve of this reasoning and analysis.
In Holly v. Auld, 450 So.2d 217 (Fla. 1984), we explained that the legislature's use *1085 of clear and unambiguous language which imparts a definite meaning renders unnecessary a resort to rules of statutory construction and interpretation unless a literal interpretation would produce an "unreasonable or ridiculous conclusion." The court's task is clear: "the statute must be given its plain and obvious meaning." Id. at 219 (quoting A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 1144, 137 So. 157 (1931)).
We find that the legislative definition of "dwelling" under section 810.011(2) is both clear and unambiguous, and a literal interpretation thereof does not lead to an "unreasonable or ridiculous conclusion."[3] We have long recognized the legislature's prerogative in defining or, in this case, redefining crimes. See State v. Hamilton, 660 So.2d 1038 (Fla. 1995); Chapman v. Lake, 112 Fla. 746, 151 So. 399 (1933). It is apparent here that the legislature has extended broad protection to buildings or conveyances of any kind that are designed for human habitation. Hence, an empty house in a neighborhood is extended the same protection as one presently occupied.

CONCLUSION
The house Perkins burglarized served as the owner's residence for many years before becoming a residential rental property. Although no one occupied the house at the time of the burglary, it was "designed to be occupied by people lodging therein at night," and the owner intended it be used for that purpose. Because the house falls within the plain meaning of the definition of "dwelling" under section 810.011(2), we conclude that Perkins was properly convicted and sentenced for the second-degree felony of burglary of a dwelling. See § 810.011(2), Fla. Stat. (1995).
Accordingly, we answer the certified question in the affirmative, approve the decision under review, and disapprove L.C. v. State, 579 So.2d 783 (Fla. 3d DCA 1991), to the extent it is inconsistent herewith.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
[2] "With intention to return." Black's Law Dictionary, 80 (5th ed. 1979).
[3] The dissent below relied on portions of legislative staff materials and dicta in L.C. v. State, 579 So.2d 783 (Fla. 3d DCA 1991). The legislative staff materials noted that "The practical effect of this bill is that the burglary of an unoccupied recreational vehicle or travel trailer is a second-degree felony rather than a third-degree felony." Of course, if the amendment were limited to this effect, the penalty for burglary of an unoccupied travel trailer would be greater than the penalty for burglary of an unoccupied house, a result that would appear to be unreasonable on its face. Because we have found the statute clear and not unreasonable in its plain meaning, we express no opinion as to the meaning of the staff materials.

In L.C., the appellants were adjudicated guilty of burglary of a dwelling after they broke into and entered a house that had been unoccupied for several months after the former occupant died. Id. at 783. Although the Third District affirmed the appellants' delinquency adjudications for burglary of a dwelling because "under the common law definition, the house burglarized in this case would still meet the definition of a dwelling," id. at 784, the court "agree[d] with appellants' argument that, in amending section 810.011(2), the legislature did not intend to overrule the common-law definition of a dwelling for purposes of the burglary statute." Id. We disapprove of this language in L.C.