### ERNEST THOMAS et al. v. STATE.

No. A-5397.   Opinion Filed April 3, 1926.
(244 Pac. 816.)

50

Patton & Adwon, for plaintiffs in error.

The Attorney General, for the State.

BESSEY, P. J.  The evidence shows that these three defendants had assembled, in five or six wooden barrels, a large quantity of a semi-liquid substance, composed of meal, water, sugar, and yeast, under circumstances indicating that the mixture was made for the purpose of fermentation and the distillation of whisky.  At the time this mixture was found and seized, August 3, 1924, it had been there in these open barrels for a period of at least 48 hours.  The defendants claim that it was not "fit for distillation," within the meaning of section 1, c. 42, of the Session Laws of 1923-24, which is as follows:

"It shall be unlawful for any person, or persons within this state, to manufacture, ferment or possess, any compound mixture, mash, wort or wash fit for distillation, or for the manufacture of beer, wine, distilled spirits, or other alcoholic liquors, the sale, barter, giving away or otherwise disposing of which is prohibited by the laws of the State of Oklahoma."

It is the contention of the defendants that there was no competent evidence showing that this mixture had any alcoholic content, beyond the fact that it had been standing in these open barrels for a period of 48 hours, in the

month of August, and that, if it contained no alcohol (and there is no direct proof of any alcoholic content), the substance was not "fit for distillation," within the meaning of the statute. In other words, the defendants contend that the burden is on the state to show that the mixture, at the moment it was seized, contained sufficient alcohol so as to make it possible to extract therefrom an alcoholic distillate, or that it contained at least some alcohol.

The manifest purpose of this section of the statute is to punish persons for mixing or assembling the ingredients for fermentation, preparatory to and for the purpose of manufacturing distilled or other alcoholic liquors. The lexicographers indicate that the word "fit" may properly be used to import a number of shades of meaning. Some of the synonyms given indicate that the word "fit" may be equivalent in meaning to the words "adapted to," "designed," "prepared," "suitable," "appropriate." Webster's International Dictionary; 2 Bouvier's Law Dict. Third Revision, 1237; United States v. Prussing, 27 Fed. Cas. 626, No. 16,095.

Construing the phrase, "fit for distillation," along with the other qualifying phrase, "for the manufacture of beer, wine, distilled spirits, or other alcoholic liquors," it is clear that "fit for distillation" was meant to apply to present and future conditions alike, and that such mixture or compound made and assembled for the purpose of making alcoholic beverages, is prohibited the moment it is so assembled, although at that moment it may have no alcoholic content whatever. On the contrary, garbage slops, table refuse, perishable fruits and vegetables and the like, mixed with grain for stock food, would not be "fit for distillation," within the meaning of the act.

Another objection urged is that the sheriff, who was a material witness in the case, was permitted to replenish the jury panel by summoning five jurors on an open venire,

after the regular panel had been exhausted. No objection was interposed by the defendants, however, on this specific ground at the trial. If such irregularity in fact occurred, the trial court should have been given an opportunity to correct it at the time. The right to challenge the poll or the array is a right that may be waived. 16 R. C. L. "Jury," §§ 56 and 102.

The record shows that in the course of the selection of jurors the regular panel was exhausted, but does not show how or by whom the special jurors were summoned. If, as the defendants now contend, they were in danger of being tried by some jurors who might be biased because they were "hand-picked," the defendants should have raised that point in the trial court by proper procedure. In the absence of a showing of actual prejudice, that point cannot be raised for the first time in this court.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.