439 So.2d 971 (1983)
Johnny HERBERT, Appellant,
v.
STATE of Florida, Appellee.
No. AR-430.
District Court of Appeal of Florida, First District.
October 25, 1983.
*972 Michael Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Richard A. Patterson, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Herbert appeals his conviction for burglary of a structure. He contends the information alleged only burglary of a structure; therefore, the trial court erred in charging the jury on burglary of a dwelling. We affirm.
Generally, alleged errors in jury charges relating to a higher offense should not be considered when the charge could not reasonably have contributed to the conviction. Dixon v. State, 101 Fla. 840, 132 So. 684 (1931); Barton v. State, 72 Fla. 408, 73 So. 230 (1916). Herbert was convicted of the lesser offense of burglary of a structure. He was not convicted of burglary of a dwelling, the subject of the allegedly erroneous jury charge.
But, Herbert contends, the charge could have contributed to his conviction. He maintains that the jury exercised its pardon power in convicting of burglary of a structure and, had the jury not been given the option to convict of burglary of a dwelling, it would have exercised its pardon power and acquitted him. We are unconvinced.
It is not clear that the jury exercised its pardon power when it found Herbert guilty of burglary of a structure. Perhaps the jury considered him guilty of that charge. It is certainly not reasonable to further assume that Herbert would have been acquitted if the trial court had not instructed the jury on a crime for which he was not convicted. In any event, the trial court could instruct the jury on burglary of a dwelling because the information alleged that offense.
A document charging a statutory offense does not have to recite the precise language of the statute, but must be clear as to the offense charged. Language of equivalent import will suffice. Gibbs v. Mayo, 81 So.2d 739 (Fla. 1955).
Count I of the information charged:
CURTIS A. GOLDEN, State Attorney for the First Circuit of Florida, prosecuting for the STATE OF FLORIDA, charges that JOHNNY LEE HERBERT, on August 22, 1982, at and in Escambia County, Florida, did unlawfully enter or remain in a structure, to-wit: a motel room, located at 1801 West Cervantes Street, in the County and State aforesaid, the property of Dondeaio Hosea as owner or custodian thereof, with the intent to commit an offense therein, to-wit: Theft, in violation of Sections 810.02(1) and 810.02(3), Florida Statutes.
Section 810.011(2), Florida Statutes (Supp. 1982), defines "dwelling":
"Dwelling" means a building or conveyance of any kind, either temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the curtilage thereof.
The information adequately charged burglary of a dwelling because a motel room is necessarily a dwelling within *973 the meaning of Section 810.011(2), Florida Statutes (Supp. 1982).
AFFIRMED.
SHIVERS and ZEHMER, JJ., concur.