THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROY PEARSON, Defendant-Appellant.

Fifth District   No. 5—87—0624

Opinion filed May 2, 1989.

Daniel M. Kirwan and Janet L. Gandy, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Roy Pearson, was charged in the circuit court of St. Clair County with residential burglary. After a trial by jury, Pearson was found guilty and sentenced to five years' probation.

On March 17, 1987, Pearson and an accomplice broke into a house owned by Michael Tolden. A neighbor observed the break-in and called police. The police responded. The officers found the lock on the front door broken and, upon searching the premises, discovered Pearson and his accomplice hiding in the basement. A subsequent search of the suspects revealed a crescent wrench and two screwdrivers, one of which had a broken tip. Pearson indicated that he and his accomplice had entered the premises for the purpose of "getting high" on cocaine, although no drugs nor any paraphernalia were found.

The premises in question were partially furnished residential rental property. The owner, Michael Tolden, testified that the previous tenant had been evicted the day before the house was burglarized and new tenants were scheduled to move in on March 20, 1987. Tolden also testified that after the previous tenant had been evicted he inspected the premises and put a new lock on the door. After the suspects had been apprehended, Tolden again inspected the premises. He found the frames around the stained glass windows broken, as if someone were trying to remove the glass, and several sections of copper plumbing which had been broken off.

At trial, the State submitted a residential burglary instruction which was given over objection, and the defense submitted a criminal trespass instruction which was refused. The State did not submit a burglary instruction, and Pearson specifically instructed his counsel not to submit such an instruction. Pearson was subsequently found guilty of residential burglary and this appeal followed.

The sole issue on appeal concerns the statutory definition of

a dwelling. Pearson argues that he could not be found guilty of residential burglary because the premises in question were not a dwelling as that term is defined for purposes of the residential burglary statute. Section 19—8 of the Criminal Code of 1961 defines "residential burglary" as knowingly and without authority entering into the dwelling of another with the intent to commit a felony or theft. (Ill. Rev. Stat. 1987, ch. 38, par. 19—3.) Section 2—6(b) of the Code defines "dwelling" as

> "a house, apartment, mobile home, trailer, or other living quarters in which at the time of the alleged offense the owners or occupants actually reside or in their absence intend within a reasonable period of time to reside." Ill. Rev. Stat. 1987, ch. 38, par. 2—6(b).

Pearson maintains that neither the owner nor previous occupant resided there or intended to return and that the new tenants who planned to move in were not returning to reside after an absence and therefore were not occupants within the meaning of the statute.

We do not agree with defendant's argument. Defendant places much emphasis on the concept of an absent owner or occupant "returning" to the premises in question, the underlying argument being that the owner/occupant must have previously lived at the premises and subsequently left with the intent to return within a reasonable period of time. This is the premise for Pearson's argument that the new tenants were not covered by the statute. A careful reading of the statute, however, does not support this premise. There is no language in the statute which requires an owner or occupant to have previously resided at the particular premise and be returning after an absence. An identifiable owner or occupant coupled with the requisite intent is all that is required by the statute and those requirements are clearly met in this case. Tolden's testimony that a new tenant was to move in on March 20, 1987, was uncontradicted.

We note that the definition of "dwelling" was recently amended for purposes of the residential burglary statute. Under the old definition, a dwelling was "a building, or any portion thereof, a tent, a vehicle, or other enclosed space which is used or intended for use as a human habitation, home, or residence." (Ill. Rev. Stat. 1985, ch. 38, par. 2—6.) The legislative history indicates that the amendment was made because suspects were being prosecuted for residential burglary for breaking into abandoned buildings and unoccupied buildings, such as garages. The legislative history also indicates that the new definition of dwelling was intended to encompass vacation homes and the like, where there are identified owners or occupants who in their ab-

sence intend within a reasonable period to come and reside. We do not believe the phrase "in their absence" implies that the owner/occupant must have previously resided there. It is sufficient that an owner or occupant be planning, within a reasonable period of time, to move to the premises and reside there. We hold that vacant residential rental property to which a new tenant is planning within a reasonable period of time to move and establish a residence is a dwelling within the meaning of the statute.

The State also argued in its brief that if we determine that the premises were not a dwelling we should reduce the defendant's conviction to burglary under Supreme Court Rule 615(b)(3) (107 Ill. 2d R. 615(b)(3)) as his conduct clearly constitutes that offense. Because we have found that Pearson was guilty of residential burglary, we need not address this issue.

■ Finally, the State argues that should Pearson's conviction for residential burglary be upheld, we should remand the cause for resentencing or impose the minimum term of four years in the penitentiary, because the sentence given by the trial court is unauthorized. The State's argument is based on section 5—5—3(c)(2)(G) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1005—5—3(c)(2)(G)), which prohibits a sentence of probation for residential burglary, and section 5—6—2(b)(1) (Ill. Rev. Stat. 1987, ch. 38, par. 1005—6—2(b)(1)) of the Code, which provides a maximum term of probation of four years for a Class I felony. The State's argument is not relevant, however, as Pearson was placed on probation pursuant to section 23 of the Alcoholism and Substance Abuse Act (Ill. Rev. Stat. 1985, ch. 111½, par. 6323) (repealed by the Illinois Alcoholism and other Drug Dependency Act (Ill. Rev. Stat. 1987, ch. 111½, par. 6351, *et seq.*)). Probation under the Alcoholism and Substance Abuse Act was an alternative to sentencing under the Unified Code of Corrections of 1963, and the Code's sentencing limitations did not apply. (*People v. Cattaneo* (1986), 147 Ill. App. 3d 198, 497 N.E.2d 1363; see also *People v. Teschner* (1980), 81 Ill. 2d 187, 407 N.E.2d 49 (holding that treatment under the Dangerous Drug Abuse Act was an alternative to sentencing under the Unified Code of Corrections).) A term of five years' probation for residential burglary was authorized and proper under the Alcoholism and Substance Abuse Act. We note that while section 21 of the Alcoholism and Substance Abuse Act was amended effective January 1, 1988, to preclude those convicted of residential burglary from being eligible for treatment under the Act (Ill. Rev. Stat. 1987, ch. 111½, par. 6321(g)) (repealed by the Illinois Alcoholism and Other Drug Dependency Act (Ill. Rev. Stat.

1987, ch. 111½, par. 6351 *et seq.*)), such prohibition was not in effect when Pearson was sentenced and did not apply.

The judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

GOLDENHERSH and CHAPMAN, JJ., concur.