THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. VERNON WALKER *et al.*, Defendants-Appellants.

Fifth District   No. 5—89—0595

Opinion filed April 29, 1991.

Daniel M. Kirwan and Lawrence J. O'Neill, both of State Appellate Defender's Office, of Mt. Vernon, for appellants.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Defendants, Brian Matthews and Vernon Walker, were charged in the circuit court of St. Clair County with burglary and residential burglary. They were found guilty on both counts after a trial by jury, and both were sentenced to four years' imprisonment. The only question raised on appeal is whether the house in question was a dwelling within the meaning of the residential burglary statute.

The evidence at trial revealed that the house had been unoccupied for approximately one year. Two years prior to the burglary, the owner, Orville Kolmeyer, had been hospitalized as a result of congestive heart failure and the onset of Alzheimer's disease. Following his hospital stay, Kolmeyer returned to his home and lived there for 11 months. Because of continuing health problems, he subsequently moved to a nursing home. Kolmeyer testified at trial that he "hoped" to return to his home when and if his health permitted.

Amery Kolmeyer, Orville's brother, testified that he kept the grass cut and periodically checked on the house, that locks had been installed on all the doors, and that the front door had been braced

with a two by four. Officer Milton Jones, one of the investigating officers, testified that upon inspecting the house, he found everything in disarray. Appliances and cabinets had been pulled from the walls and some furniture had been thrown outside. The record further discloses that the premises had electrical service at the time of the break-in.

■ On appeal, the defendants argue that the premises in question do not meet the statutory definition of a dwelling and that they could not, therefore, be convicted of residential burglary. Section 19—3 of the Criminal Code of 1961 defines the offense of residential burglary as knowingly and without authority entering the dwelling of another with the intent to commit a felony or a theft. (Ill. Rev. Stat. 1987, ch. 38, par. 19—3.) Section .2—6(b) of the Code defines a dwelling as:

> "a house, apartment, mobile home, trailer, or other living quarters in which at the time of the alleged offense the owners or occupants actually reside or in their absence intend *within a reasonable period of time to reside.*" (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, par. 2—6(b).)

The defendants maintain that Orville Kolmeyer did not intend to return to the premises within a reasonable time. We must determine whether the evidence supports the jury's implicit findings that Kolmeyer intended to return to the house, and that he intended to do so within a reasonable time.

■ This case presents us with an unusual situation where an absent owner-occupier intends to return to the premises, but does not know when this will be possible, and the duration of his absence is dependent upon circumstances largely beyond his control. Orville Kolmeyer testified that he "hoped" to return to the premises as soon as his health permitted. Clearly, Kolmeyer possessed the intent to return. The statute imposes no objective standard of reasonableness on that intent. If the evidence is sufficient for the finder of fact to determine that an owner or occupant genuinely possessed the subjective intent to reside on the premises in question within a reasonable period of time, the premises is a dwelling. The jury in this case so found, and the relevant evidence supports that finding. That Kolmeyer was in poor health, that he was living in a nursing home at the time of the burglary, the condition of the house, and the fact that he had not resided on the premises in the past 11 months are factors which the jury had to consider in determining the genuineness of Kolmeyer's intent to reside on the premises. That those factors may militate against the reasonableness of this intent is irrelevant. The

statute does not require that the *intent* be reasonable or realistic. The term "reasonable" as it is used in the statute applies only to the period of time in which the owner-occupier intends to go and reside, not to the intent itself.

■ The next question is whether the time in which Kolmeyer intended to go and reside on the premises was reasonable. Now we are concerned with an objective element, *i.e.*, whether the time in which Kolmeyer intended to return objectively was reasonable. Kolmeyer testified that he intended to return to his house when his health permitted. We find this to be objectively reasonable. Merely because an approximate date cannot be given for his return does not make the time *per se* unreasonable. There are many situations where an owner-occupier may be absent for an indefinite period of time. The purpose of the residential burglary statute is to impose a greater penalty for burglarizing places where there is a substantial likelihood that people might be present, as this presents a greater threat to public safety. As we noted in *People v. Pearson* (1989), 183 Ill. App. 3d 72, 538 N.E.2d 1202, the statute is not intended to cover structures such as vacant buildings or garages, but does cover vacation homes and the like. A review of the evidence leads us to conclude that the premises in question is of a type intended by the legislature to be protected by the statute and is a dwelling within the meaning of the statute.

The judgments of the circuit court of St. Clair County are affirmed.

Affirmed.

CHAPMAN and GOLDENHERSH, JJ., concur.