THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. JESSE OWENS, Defendant-Appellee.

First District (6th Division)   No. 1—92—2129

Opinion filed December 11, 1992.

Roland W. Burris, Attorney General, of Springfield, and Jack O'Malley, State's Attorney, of Chicago (Terence M. Madsen, Assistant Attorney General, of Chicago, and Renee Goldfarb and Donald J. Mizerk, Assistant State's Attorneys, of counsel), for the People.

Robert M. Hodge, of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Jesse Owens, was charged with possession with intent to deliver between 15 and 100 grams of cocaine and possession with intent to deliver between 15 and 100 grams of cocaine on a public way within 1,000 feet of the real property comprising a school, namely Truman College, in violation of sections 401(a)(2) and 407(b)(1) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1989, ch. 56½, pars. 1401(a)(2), 1407(b)(1), respectively). Section 407(b)(1) was added by Public Act 84—1075 (eff. December 2, 1985) as a sentence enhancement measure used to penalize more harshly drug trafficking that occurs near schools. Violation of this section is a Class X felony.

This appeal by the State arises from the trial court's grant of defendant's motion to dismiss the latter charge. Specifically, the trial court held that the "rule of lenity" prevented application of section 407(b)(1) in this case because Truman College was not the type of "school" the legislature intended to target when it added the sentence enhancement provision to section 407. Pursuant to Illinois Supreme Court Rule 604(a) (134 Ill. 2d R. 604(a)), the State has immediately appealed this ruling, prior to the trial court deciding the merits of the remaining charge. Thus, we are presented with a single issue for review, namely, whether the "rule of lenity" was properly applied in this case.

In view of the nature of the issue on appeal, only a brief recitation of the alleged facts is necessary. On April 13, 1991, police saw defendant and an associate engaging in numerous narcotics transactions on Wilson Avenue in Chicago across the street from Truman College. During these transactions, defendant's associate approached several individuals, engaged in brief conversations, and accepted money from them. Each time he subsequently approached defendant, who took from his right pocket a small plastic bag and gave it to the associate in exchange for money. After observing three such transactions, the police arrested defendant. The officers recovered from his jacket pocket $415 and 82 plastic bags containing what appeared to be cocaine.

■ Section 407(b)(1) of the Act provides:

"(b) Any person who violates: (1) Subsection (b) of Section 401 in any school or residential property owned, operated and managed by a public housing agency or public park, on the real property comprising any school or residential property owned, operated and managed by a public housing agency or public park or *on any public way within 1,000 feet of the real property comprising any school* or residential property owned, operated and managed by a public housing agency or public park is guilty of a Class X felony, the fine for which shall not exceed $500,000." (Emphasis added.) Ill. Rev. Stat. 1989, ch. 56½, par. 1407(b)(1).

■ In reaching its decision that Truman College was not the sort of "school" to which the legislature intended section 407(b)(1) to apply, the trial court invoked the "rule of lenity." The rule of lenity is a common law principle that seeks to benefit a defendant whenever the wording of a statute is ambiguous. Our supreme court has acknowledged that "a policy of lenity applies with respect to the interpretation of criminal statutes" where no legislative history exists to assist

the court in determining whether the legislature intended an enhancement provision to apply to a given charge. (*People v. Haron* (1981), 85 Ill. 2d 261, 277-78, 422 N.E.2d 627, 634; see also *People v. Alejos* (1983), 97 Ill. 2d 502, 455 N.E.2d 48.) Where the intent of the legislature is "in any way clouded or uncertain," the court must follow the established rules of construction relating to penal statutes. (*People v. Carlock* (1981), 102 Ill. App. 3d 1100, 1102, 430 N.E.2d 212, 214.) "A penal statute is to be construed in favor of the accused and nothing is to be taken by intendment or implication against him beyond the literal and obvious meaning of the statute." (*Carlock*, 102 Ill. App. 3d at 1102, 430 N.E.2d at 214.) If a statute enhancing a punishment is capable of two constructions, the one which works in favor of the accused should be adopted; "such a statute is highly penal and should not be extended in its application to cases which do not, by the strictest construction, fall within its terms." (*Carlock*, 102 Ill. App. 3d at 1102, 430 N.E.2d at 214.) However, a reviewing court must construe a legislative enactment in such a way as to promote its essential purposes and must not read it so rigidly as to defeat the legislature's intent. *People v. Jordan* (1984), 103 Ill. 2d 192, 205, 469 N.E.2d 569, 575.

In *People v. Goldstein* (1990), 204 Ill. App. 3d 1041, 562 N.E.2d 1183, this court examined the legislative history pertaining to Public Act 84—1075 and concluded that the legislature intended the term "any school," as incorporated in the language of section 407(b) at issue here, to include "any public or private, elementary or secondary school, *community college*, college or university." (Emphasis added.) (*Goldstein*, 204 Ill. App. 3d at 1048, 562 N.E.2d at 1187.) We reached this conclusion after noting the primary purpose of Public Act 84—1075, which was to make Illinois schools a safer environment, one free from the pressures placed on students, primarily by gangs but also by others, to buy and sell firearms and drugs.

This court in *Goldstein* rejected the defendant's argument that the legislature intended the meaning of "any school" to be confined to grade schools and high schools. In *Goldstein*, the defendant was convicted of carrying out various narcotics transactions on the campus of Southern Illinois University. This court held that application of section 407(b) extended to narcotics offenses committed on university grounds because of the large number of young persons of college age living and studying there.

In the present case, the trial judge found that Truman College was a "school" under section 407(b) for offenses occurring on Truman College grounds and for those occurring on the same side of the

street as the college. However, he held that because of the school's urban setting, it could not have been the intent of the legislature to include narcotics offenses occurring within 1,000 feet of the school's northern boundary. Consequently, relying on the rule of lenity, he refused to apply section 407(b) because defendant was allegedly committing drug offenses across the street from the college. We hold that this was error.

■ As in *Goldstein*, we decline to apply a policy of lenity here. We reject defendant's contention that the "safe school zone provision of section 407(b) is sufficiently ambiguous to invoke the 'rule of [lenity].' " Following *Goldstein*, we conclude, as the trial court did here, that Truman College is a "school" under section 407(b). Furthermore, we believe that the legislature intended to create safe school *zones* around schools in addition to protecting the actual school grounds. While Truman College may be situated in an area populated by distinct groups of people apart from those attending Truman College, the fact remains that many of the students who attend there are "young persons of college age" who are part of the population which the legislature sought to protect when it enacted the statute at issue here. (*Goldstein*, 204 Ill. App. 3d at 1048, 562 N.E.2d at 1187.) We do not accept the contention that drug transactions which occur in the neighborhood surrounding Truman College have no negative impact on students who attend there. On the contrary, the mere risk that drugs may be readily available to students within close proximity to the college is an evil which we can reasonably conclude the legislature contemplated as one sought to be prevented by the statute at issue.

Furthermore, we find no evidence that the legislature intended to protect only rural school zones and not urban ones when it enacted the "1,000 feet" safe school boundary under section 407(b), and we are not free to "read a limitation into a statute that the legislature has not seen fit to enact." *Goldstein*, 204 Ill. App. 3d at 1044, 562 N.E.2d at 1185; see also *People v. Cochran* (1988), 167 Ill. App. 3d 830, 522 N.E.2d 261.

In summary, we hold that section 407(b)(1) of the Act, in its entirety, is applicable to Truman College. Accordingly, the trial court's dismissal of the charge is reversed and the cause is remanded for trial.

Reversed and remanded.

EGAN, P.J., and RAKOWSKI, J., concur.