THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CALVIN L. DORRIS, JR., Defendant-Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KEITH L. COOPER, Defendant-Appellant.

Fourth District    Nos. 4—93—0232, 4—93—0233 cons.

Opinion filed June 30, 1994.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellants.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and James L. Overholt, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

In January 1993, a jury found defendants, Calvin L. Dorris, Jr., and Keith L. Cooper, guilty of possession with intent to deliver more than one gram of a controlled substance within 1,000 feet of public housing property (Ill. Rev. Stat. 1991, ch. 56$^{1}$/$_{2}$, par. 1407(b)(1)). The trial court later sentenced Dorris to six years in prison and Cooper to 10 years in prison. Defendants appeal, arguing that the statute enhancing the offense when committed within 1,000 feet of public housing property, as here, was not intended to apply where the property was scattered-site housing, vacant, and under construction.

We disagree and affirm.

## I. BACKGROUND

The facts pertaining to defendants' appeal are essentially as follows. In September 1992, defendants sold an undercover police officer less than one gram of crack cocaine. The sale took place approximately 500 feet from a scattered-site public housing unit in Champaign, Illinois. However, the building was then vacant and undergoing reconstruction, and would not be ready for residential use for several months. After the sale, other police officers arrived at the scene of the sale, arrested defendants, and searched them. The officers found an additional 3.2 grams of crack cocaine on Dorris and 1.1 grams on Cooper. Based upon this evidence, the jury found both defendants guilty of possession with the intent to deliver more than

one gram of a controlled substance within 1,000 feet of public housing property.

## II. ANALYSIS

Section 407(b)(1) of the Illinois Controlled Substances Act (Act) provides that possession with intent to deliver more than 1 but less than 15 grams of a controlled substance "within 1,000 feet of the real property comprising any *** residential property owned, operated and managed by a public housing agency" is a Class X felony. (Ill. Rev. Stat. 1991, ch. 56$^1$/2, par. 1407(b)(1).) Without this enhancing factor, this offense—the possession with the intent to deliver the same amount of a controlled substance containing cocaine—is a Class 1 felony. (Ill. Rev. Stat. 1991, ch. 56$^1$/2, par. 1401(c)(2).) The issue before this court, therefore, is whether "residential property" as used in section 407(b)(1) of the Act includes scattered-site public housing that is unoccupied and under construction at the time of the sale. This is apparently a question of first impression, and we hold that such housing comes within the term "residential property" as it is used in section 407(b)(1) of the Act.

Initially, we note that the Supreme Court of Illinois recently upheld the constitutionality of section 407 of the Act. (*People v. Shephard* (1992), 152 Ill. 2d 489, 498-503, 605 N.E.2d 518, 523-25.) However, the court did not consider whether that section applied under these circumstances.

In examining the term "residential property" as used in section 407(b)(1) of the Act, we find analogous the law regarding the definition of a dwelling in the residential burglary statute. In order to commit residential burglary, the building burglarized must be a dwelling. (Ill. Rev. Stat. 1991, ch. 38, par. 19—3(a).) In *People v. Silva* (1993), 256 Ill. App. 3d 414, 420, 628 N.E.2d 948, 952, the court found that an unoccupied garden-level apartment undergoing renovation constituted a dwelling. The court considered that the building's owner intended to rent the apartment after remodeling the premises, and rejected the defendant's argument that the apartment's being vacant for seven months prevented it from being a dwelling. *Silva*, 256 Ill. App. 3d at 420-21, 628 N.E.2d at 952-53.

In *People v. Pearson* (1989), 183 Ill. App. 3d 72, 74, 538 N.E.2d 1202, 1203, the court also considered whether an unoccupied residence constituted a dwelling. At the time of the burglary, nobody lived in the residence, and the defendant argued that it therefore could not be a dwelling under the residential burglary statute. However, the court disagreed and held that a dwelling is simply a building with an identifiable owner or occupant who intends to reside

in the building within a reasonable period of time. Accordingly, the court deemed irrelevant that a new tenant had not yet moved into the building. *Pearson*, 183 Ill. App. 3d at 74, 538 N.E.2d at 1203.

In this case, the housing unit was undergoing construction and renovation at the direction of its owner, the Champaign County Public Housing Authority. Thus, no one lived there at the time of this offense. However, the building's owner clearly intended it to be used as a residence upon completion of the construction. That the building happened to be vacant at the time of the offense is merely a fortuitous circumstance, and we hold that section 407(b)(1) of the Act encompasses unoccupied residential buildings under construction.

Defendant's argument also suggests that section 407 of the Act was not intended to apply to scattered-site housing, but only "public housing areas" such as high-rise apartment complexes. Defendant contends that because the property in this case was a scattered-site public housing unit, "the evil that the statute was intended to remedy is inapplicable." We disagree.

The language regarding public housing in section 407(b)(1) of the Act runs in tandem with the provision prohibiting the possession with intent to deliver a controlled substance within 1,000 feet of a school. (See Ill. Rev. Stat. 1991, ch. 56$^1$/$_2$, par. 1407(b)(1).) In *People v. Owens* (1992), 240 Ill. App. 3d 168, 171-72, 608 N.E.2d 159, 161-62, the court considered and rejected the defendant's argument that the enhancement provision of section 407 did not apply to him because the school involved in his case was situated in an urban setting. The court noted that the legislature sought to prevent the evils associated with the availability of drugs within close proximity of any school, regardless of the school's urban setting. Thus, the legislature intended section 407 of the Act to help schools provide a safe, drug-free environment. The *Owens* court further wrote that "the legislature intended to create safe school *zones* around schools in addition to protecting the actual school grounds." (Emphasis in original.) (*Owens*, 240 Ill. App. 3d at 172, 608 N.E.2d at 161.) Accordingly, the court concluded that the mere fact that the school was situated in an urban setting, "populated by distinct groups of people apart from those attending" the school, was irrelevant and did not preclude the application of section 407 of the Act. *Owens*, 204 Ill. App. 3d at 172, 608 N.E.2d at 161.

We agree with *Owens* and believe its analysis applies to this case. Here, the scattered-site housing units are similar to a school in an urban setting. Both may be "situated in an area populated by distinct groups of people." (See *Owens*, 240 Ill. App. 3d at 172, 608 N.E.2d at 161.) We reject the contention that drug transactions occurring in a

neighborhood that includes scattered-site public housing have no negative impact upon the residents of that area. (See *Owens*, 240 Ill. App. 3d at 172, 608 N.E.2d at 162.) The legislative purpose behind section 407(b)(1) of the Act was to create "safe zones" around the areas specified in that section, and we extend *Owens* to hold that section 407(b)(1) of the Act also creates a safe zone around *any* public housing unit in addition to the actual public housing property. See *Owens*, 240 Ill. App. 3d at 172, 608 N.E.2d at 161.

Moreover, the plain language of section 407(b)(1) of the Act refers to "*any* *** residential property*" belonging to a public housing entity. (Emphasis added.) (Ill. Rev. Stat. 1991, ch. 56½, par. 1407(b)(1).) This language contains nothing limiting it to occupied residences or high-rise apartment complexes. If the legislature intended to limit the scope of that section, it would have provided such limitations in the statute. Accordingly, defendants' argument must fail.

## III. CONCLUSION

For the reasons stated, we affirm the judgment of the trial court.

Affirmed.

LUND and GREEN, JJ., concur.