# ILLINOIS OFFICIAL REPORTS

## Supreme Court

---

### *People v. Young*, 2011 IL 111886

---

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ANTHONY YOUNG, Appellee. |
| Docket No. | 111886 |
| Filed | December 15, 2011 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The Controlled Substances Act's increased penalty for delivery within 1,000 feet of a school is properly construed to exclude preschools. |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. John Thomas Doody, Jr., Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Lisa Madigan, Attorney General, of Springfield, and Anita Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Michelle Katz, Marci Jacobs and Annette Collins, Assistant State's Attorneys, of counsel), for the People. |
| --- | --- |
| | Michael J. Pelletier, State Appellate Defender, Alan D. Goldberg, Deputy Defender, and Holly J.K. Schroetlin, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellee. |
| Justices | JUSTICE BURKE delivered the judgment of the court, with opinion. |
| | Chief Justice Kilbride and Justices Freeman, Thomas, Garman, Karmeier, and Theis concurred in the judgment and opinion. |

## OPINION

¶ 1      Section 407(b)(2) of the Illinois Controlled Substances Act (the Act) (720 ILCS 570/407(b)(2) (West 2008)) provides that the offense of delivery of a controlled substance is a Class 1 felony when committed within 1,000 feet of the real property comprising any "school." The single issue before us in this appeal is whether the term "school" contained in this section includes preschools. The appellate court held that it did not and reduced defendant's conviction to simple delivery of a controlled substance (720 ILCS 570/401(d) (West 2008)), a Class 2 felony. No. 1-08-2690 (unpublished order under Supreme Court Rule 23).

¶ 2      For the reasons that follow, we affirm the judgment of the appellate court.

¶ 3                           BACKGROUND

¶ 4      Defendant Anthony Young was charged with one count of delivery of a controlled substance (720 ILCS 570/401(d) (West 2008)) and one count of delivery of a controlled substance within 1,000 feet of the real property comprising any school (720 ILCS 570/407(b)(2) (West 2008)). Prior to trial, in the circuit court of Cook County, defendant filed a motion *in limine* seeking to exclude evidence of the location of the preschool, arguing that a preschool is not a "school" within the meaning of section 407(b)(2) of the Act. The trial court denied the motion.

¶ 5      At defendant's jury trial, the State presented evidence which established that defendant was arrested on June 28, 2007, after an undercover officer drove to the location where defendant was standing on the sidewalk at 4958 West Augusta Boulevard in Chicago, and made a controlled purchase of a substance containing heroin from defendant. According to testimony adduced at trial, the incident occurred approximately 443 feet from the "High

Mountain Church and Preschool." No other testimony was offered to describe the "High Mountain Church and Preschool" or its attendees.

¶ 6     The jury found defendant guilty of delivery of a controlled substance within 1,000 feet of a school, but the appellate court reduced the conviction to delivery of a controlled substance, finding that a preschool is not a "school" within the meaning of section 407(b)(2) of the Act.

¶ 7     We granted the State's petition for leave to appeal.

¶ 8                                    ANALYSIS

¶ 9     Section 407(b)(2) of the Controlled Substances Act provides, in pertinent part:

> "(b) Any person who violates:
>
> (1) subsection (d) of Section 401 [720 ILCS 570/401] in any school *** or within 1,000 feet of the real property comprising any school *** is guilty of a Class 1 felony, the fine for which shall not exceed $250,000[.]" 720 ILCS 570/407(b)(2) (West 2006).

¶ 10    The State argues that the appellate court misconstrued this statute when it found that a preschool was not a "school" within the meaning of the statute. The parties agree that the issue before us is one of statutory construction and, for that reason, our review is *de novo*. *People v. Almore*, 241 Ill. 2d 387, 394 (2011) (whether statutory terms have been construed correctly is a question of law, which is reviewed *de novo*).

¶ 11    When construing a statute, this court's primary objective is to ascertain and give effect to the legislature's intent, keeping in mind that the best and most reliable indicator of that intent is the statutory language itself, given its plain and ordinary meaning. *People v. Howard*, 233 Ill. 2d 213, 218 (2009); *People v. Perry*, 224 Ill. 2d 312, 323 (2007). To discern the plain meaning of statutory terms, it is appropriate for the reviewing court to consider the statute in its entirety, the subject it addresses, and the apparent intent of the legislature in enacting it. *Howard*, 233 Ill. 2d at 218; *Perry*, 224 Ill. 2d at 323. Unless the language of the statute is ambiguous, this court should not resort to further aids of statutory construction and must apply the language as written. *People v. Glisson*, 202 Ill. 2d 499, 504-05 (2002); *Perry*, 224 Ill. 2d at 323.

¶ 12    The appellate court below, when determining the meaning of "school" as that term is used in section 407(b)(2), first noted that the term is undefined in the statute or any other portion of the Controlled Substances Act. The court then looked to two prior cases, *People v. Goldstein*, 204 Ill. App. 3d 1041 (1990), and *People v. Owens*, 240 Ill. App. 3d 168 (1992), wherein the term "school," as used in section 407(b), had been interpreted.

¶ 13    In *Goldstein*, the court found the meaning of "school" to be uncertain since, if interpreted literally, the term could include an endless number of possible educational facilities. *Goldstein*, 204 Ill. App. 3d at 1045. The court then noted that section 407(b)(2) was added to the Controlled Substances Act by Public Act 84-1075 (Pub. Act 84-1075 (eff. Dec. 2, 1985)), which also amended or created numerous pieces of legislation to increase the penalty for violations if the offense took place on or around school grounds. *Goldstein*, 204 Ill. App.

3d at 1045. In three other statutes amended by Public Act 84-1075, the term "school" was specifically defined to mean "any public or private elementary or secondary school, community college, college or university." *Goldstein*, 204 Ill. App. 3d at 1045-48. The *Goldstein* court then concluded that the legislature intended the words "any school" in section 407(b)(2) to refer, as they do elsewhere in Public Act 84-1075, to " 'any public or private elementary or secondary school, community college, college or university.' " *Goldstein*, 204 Ill. App. 3d at 1048-49 (quoting Pub. Act 84-1075 (eff. Dec. 2, 1985).

¶ 14    In *Owens*, the court reached the same conclusion, noting that "the primary purpose of Public Act 84-1075 *** was to make Illinois schools a safer environment, one free from the pressures placed on students, primarily by gangs but also by others, to buy and sell firearms and drugs." *Owens*, 240 Ill. App. 3d at 171.

¶ 15    Both *Goldstein* and *Owens* were decided almost two decades ago. In the interim since *Goldstein* was decided, the legislature has amended section 407(b)(2) nearly a dozen times. See Pub. Act 87-524 (eff. Jan. 1, 1992) (extended scope of the section to activities occurring on school transport conveyances); Pub. Act 87-754 (eff. Sept. 29, 1991) (reorganized); Pub. Act 87-895, art. 2, § 2-29 (eff. July 14, 1992) (revision and renumbering of certain sections); Pub. Act 87-1225 (eff. Dec. 22, 1992) (further revisions and renumbering); Pub. Act 89-451 (eff. Jan. 1, 1997) (in subdivisions (b)(1) through (b)(6) inserted "on the real property comprising any church, synagogue, or other building, structure, or place used primarily for religious worship, or on any public way within 1,000 feet of the real property comprising any church, synagogue, or other building, structure, or place used primarily for religious worship"); Pub. Act 90-164 (eff. Jan. 1, 1998) (in subdivisions (b)(1) through (b)(6) inserted "on the real property comprising any of the following places, buildings, or structures used primarily for housing or providing space for activities for senior citizens: nursing homes, assisted-living centers, senior citizen housing complexes, or senior centers oriented toward daytime activities, or on a public way within 1,000 feet of the real property comprising any of the following places, buildings, or structures used primarily for housing or providing space for activities for senior citizens: nursing homes, assisted-living centers, senior citizen housing complexes, or senior centers oriented toward daytime activities"); Pub. Act 91-353 (eff. Jan. 1, 2000) (deleted "on any public way" and "on a public way" preceding "within 1,000 feet" throughout subsection (b)); Pub. Act 91-673 (eff. Dec. 22, 1999) (substituted "operated or managed by a public housing agency or leased by a public housing agency as part of a scattered site or mixed-income development" for "operated and managed by a public housing agency" throughout subsection (b)); Pub. Act 92-16 (eff. June 28, 2001) (combined the amendments by Public Acts 91-353 and 91-673); Pub. Act 93-223 (eff. Jan. 1, 2004) (added the subsection (a)(1)(A) designation, and inserted subsection (a)(1)(B)); Pub. Act 94-556 (eff. Sept. 11, 2005) (deleted the text from subsection (a)(1)(B)).

¶ 16    Given the length of time since *Goldstein* interpreted the meaning of the term "school," as well as the number and nature of the amendments to section 407 since *Goldstein* was decided, it seems clear that the legislature has had ample opportunity to amend the statute to broaden the meaning of "school" had it seen fit to do so. It did not. We conclude, therefore, that the term "school" in section 407(b)(2) now has a settled meaning and it would be inappropriate for us to change the meaning at this juncture.

¶ 17 As this court stated in *In re Marriage of O'Neill*, 138 Ill. 2d 487, 495 (1990), it is a well-established principle of statutory construction that "where terms used in [a] statute have acquired a settled meaning through judicial construction and are retained in subsequent amendments or re-enactments of the statute, they are to be understood and interpreted in the same sense theretofore attributed to them by the court unless a contrary intention of the legislature is made clear." See also *R.D. Masonry, Inc. v. Industrial Comm'n*, 215 Ill. 2d 397 (2005) (where the legislature chooses not to amend terms of a statute after judicial construction, it will be presumed that it has acquiesced in the court's statement of legislative intent); 2A Norman J. Singer, Sutherland on Statutory Construction § 46:04, at 152-53 (6th ed. 2000) ("if the term utilized has a settled legal meaning, the courts will normally infer that the legislature intended to incorporate the established meaning").

¶ 18 We note, further, that the legislature, through Public Act 91-360, amended article 2 of the Criminal Code of 1961, the "General Definitions" section, to add section 2-19.5 (720 ILCS 5/2-19.5 (West 1999)). This section, which became effective July 29, 1999, provides a definition for the term "school" that is nearly identical to the one used 14 years earlier in Public Act 84-1075. It provides that, for the purposes of the Code, a "school" is "a public, private or parochial elementary or secondary school, community college, college or university and includes the grounds of the school." Because the Controlled Substances Act is not part of the Criminal Code, this definition is not dispositive of the issue before us. However, it is further indication that the legislature intended, in the context of criminal offenses, that the term "school" be interpreted in this manner.

¶ 19 Of course, the legislature is free, if it so wishes, to amend the Controlled Substances Act to define the term "school" to include preschools. However, until such time, we must continue to apply the definition of "school" which our legislature has adopted.

¶ 20                                    CONCLUSION
¶ 21 For the above reasons, we affirm the judgment of the appellate court.

¶ 22 Affirmed.