IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 71434-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW JASON BOYLAN; | ) | UNPUBLISHED OPINION |
| NICHOLAS SPENCER CHRISTIN, | ) | |
| | ) | FILED: July 21, 2014 |
| Appellants. | ) | |

VERELLEN, A.C.J. — Nicholas Christin and Andrew Boylan appeal their

convictions for residential burglary, arguing there was insufficient evidence that the

home they burglarized was a "dwelling" ordinarily used for lodging. Although the

house had been vacant for an extended period of time, there was evidence sufficient

to present a fact question for the jury of whether the building was ordinarily used by a

person for lodging.

Christin and Boylan also argue that the defense of abandonment should apply

to the crime of residential burglary. But because this court recently held that the

statutory abandonment defense applies only to first and second degree trespass, not

to residential burglary, we affirm.

## FACTS

Ruth Longoria owned a 1,800 square foot, three bedroom house in rural

Thurston County. In 2007, after living in the house for 15 years, she moved out of

state. She took several appliances out of the house and put it up for sale. Although the house remained vacant, Longoria had friends check on the property from time to time. Her realtor informed her that as recently as January 2012, he had taken potential buyers to the house and that the house was in fine condition.

By March 2012, the house had been vandalized extensively and was in disrepair. On March 3, 2012, Christin and Boylan entered the house to remove items to sell as scrap. Neighbors saw them and called police. Officers arrived as Christin and Boylan were leaving in their truck with a sink, wiring, and pipes. Officers arrested both men. The State subsequently charged Christin and Boylan with residential burglary.[1]

At trial, the court allowed Christin and Boylan to argue that the building was not a dwelling and that the State had failed to meet its burden of proof as to that element of residential burglary. The court also granted the State's request to amend the information to include an alternative charge of second degree burglary, which omitted the element that the building be a dwelling.[2]

Christin and Boylan did not object to the amended information or to the proposal to give the jury the option to convict on the second degree burglary charge.

---

[1] "A person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully *in a dwelling* other than a vehicle." RCW 9A.52.025 (1) (emphasis added).

[2] "A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he or she enters or remains unlawfully *in a building* other than a vehicle or a dwelling." RCW 9A.52.030(1) (emphasis added).

The trial court instructed the jury as to both offenses, along with the lesser included of criminal trespass in the first degree.[3] There were no objections to the jury instructions.

Both men were convicted of residential burglary. Christin and Boylan appeal.

ANALYSIS

Christin and Boylan do not challenge the sufficiency of the evidence that they entered the building and removed the property. They argue that the evidence was insufficient to establish that the building was a dwelling and that the State "failed to disprove [the defense of] abandonment."[4] Neither argument is persuasive.

A challenge to the sufficiency of the evidence admits the truth of the State's evidence, and all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant.[5] An appellate court must determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt.[6] The elements may be established by direct or circumstantial evidence.[7] An appellate court will defer to the trier of fact on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence.[8]

A conviction for residential burglary requires proof that the offender unlawfully entered or remained in a dwelling with intent to commit a crime against persons or

---

[3] "A person is guilty of criminal trespass in the first degree if he or she knowingly enters or remains unlawfully *in a building*." RCW 9A.52.070(1) (emphasis added).

[4] Appellant Christin's Br. at 6.

[5] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

[6] State v. Ware, 111 Wn. App. 738, 741, 46 P.3d 280 (2002).

[7] State v. Thompson, 88 Wn.2d 13, 16, 558 P.2d 202 (1977).

[8] State v. Walton, 64 Wn. App. 410, 415-16, 824 P.2d 533 (1992).

property therein.[9] A "dwelling" is defined as "any building or structure, though movable or temporary, or a portion thereof, which is used or ordinarily used by a person for lodging."[10] Whether a particular building is a dwelling turns on "all relevant factors" and is generally decided by the jury.[11]

Here, there was ample evidence supporting the conclusion that the building was a dwelling. The jury heard the owner's testimony that she used the building as a house and that she was trying to sell it for residential use. As recently as January 2012, two months before the burglary, the realtor showed the house to prospective buyers.

There was conflicting testimony about the extent of the house's disrepair at the time of the burglary. Witnesses offered accounts about conditions inside and outside the house. Thurston County Sheriff's Deputy Michael Brooks testified that he had been out to the house prior to the March burglary and that he found the house in a similar condition.

The presence of appliances and household fixtures in the truck supports the inference that Christin and Boylan removed them by tearing them out from the walls. And viewed in the light most favorable to the State, the presence of debris inside the residence could be determined to be a result of the burglary itself. The record does

---

[9] RCW 9A.52.025(1).

[10] RCW 9A.04.110.

[11] State v. McDonald, 123 Wn. App. 85, 90-91, 96 P.3d 468 (2004); see also State v. Murbach, 68 Wn. App. 509, 513, 843 P.2d 551 (1993) (garage attached to a home was part of a dwelling); State v. Neal, 161 Wn. App. 111, 114, 249 P.3d 211 (2011) (tool room in apartment building was a dwelling).

not clearly reflect whether a person passing by could gauge the extent of the interior damage. But any conflicts were for the jury to resolve.

The jury heard the arguments from both the prosecutor and defense counsel about whether the house was a dwelling. Viewing the evidence in the light most favorable to the State, there was sufficient evidence that it was an individual's home and was "ordinarily used by a person for lodging," even if it had not been so used for an extended period of time.

Christin contends that "[n]o published decisions in Washington have clarified when an unoccupied house ceases to be a dwelling," and argues that "other jurisdictions have addressed the issue."[12] But he does not analyze the cases he cites, refers to no specific portion of them, and makes no comparison between the language of the statutes from other jurisdictions and Washington's statute. We need not address such passing treatment of an issue.[13] Even if the analysis was more comprehensively briefed, the decisions of other state courts interpreting their own statutes are of questionable utility in determining whether the building in this case was a "dwelling," a term expressly defined in Washington law.[14]

---

[12] Appellant Christin's Br. at 5 (citing State v. Evans, 376 S.C. 421, 656 S.E.2d 782 (2008); Sheffield v. State, 881 So.2d 249 (2003); Washington v. State, 753 So.2d 475 (1999); People v. Walker, 212 Ill. App. 3d 410, 570 N.E.2d 1268 (1991); People v. Smith, 209 Ill. App. 3d 1091, 568 N.E.2d 417 (1991); Rash v. Commonwealth, 9 Va. App. 22, 383 S.E.2d 749 (1989); State v. Kowski, 423 N.W.2d 706 (1988)).

[13] State v. Thomas, 150 Wn.2d 821, 868-69, 83 P.3d 970 (2004), State v. Johnson, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992).

[14] Division Two of this court observed that "[a]ccording to most other jurisdictions, the question whether a building is a residence turns on all relevant factors and is generally a matter for the jury to decide." McDonald 123 Wn. App. at 91 & n.19 (footnotes omitted) (citing out-of-state cases).

Christin and Boylan also assert that the defense of abandonment, applicable to a prosecution for criminal trespass of an abandoned building, also applies to residential burglary. We recently rejected the identical argument in State v. Olson.[15] The abandonment defense does not apply to residential burglary, and there was no trial court error.

Affirmed.

WE CONCUR:

---

[15] State v. Olson, No. 69537-1-I, slip op. at 15 (Wash. Ct. App. July 7, 2014).