NOTICE

Decision filed 11/13/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230123-U

NO. 5-23-0123

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Edgar County. |
| | ) | |
| v. | ) | No. 17-CF-96 |
| | ) | |
| THOMAS J. BOLTON, | ) | Honorable |
| | ) | Matthew L. Sullivan, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Cates and Moore concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Where the statute did not, by its plain terms, apply to defendant, the circuit court properly denied his motion for additional sentencing credit. As any argument to the contrary would lack merit, we grant defendant's appointed appellate counsel leave to withdraw and affirm the circuit court's judgment.

¶ 2   Defendant, Thomas J. Bolton, appeals the circuit court's order denying his motion for a *nunc pro tunc* order to award him an additional 318 days of credit against his sentence. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), concluded there was no reasonably meritorious argument that the circuit court erred and filed a motion to withdraw as counsel along with a supporting memorandum. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD notified defendant of its motion. This court provided defendant ample opportunity to file a response, but none was filed. After considering the record on appeal, and OSAD's

1

supporting memorandum, we agree this appeal presents no reasonably meritorious issue. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4        Defendant pled guilty to armed robbery while armed with a firearm (720 ILCS 5/18-2(a)(2) (West 2016)) and unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2016)). On February 13, 2018, the circuit court sentenced him to confinement in the Illinois Department of Corrections (IDOC) for a term of 21 years for armed robbery and 12 years for possession of a weapon, with the sentences to run concurrently. The court awarded him 318 days of credit for the time spent in pretrial custody.

¶ 5        On February 6, 2023, defendant filed a *pro se* motion for an order *nunc pro tunc* seeking additional credit. Citing section 3 of the County Jail Good Behavior Allowance Act (Act) (730 ILCS 130/3 (West 2022)), he argued that he was entitled to an additional 318 days' credit for the time spent in the county jail before trial. On February 7, 2023, the circuit court denied the motion, finding defendant received full credit for which he was entitled. Defendant timely appealed.

¶ 6                                    ANALYSIS

¶ 7        On appeal, OSAD concludes that there is no reasonably meritorious argument that the court erred by denying defendant relief.  We agree.

¶ 8        A trial court loses jurisdiction 30 days after the entry of its final judgment, absent a timely postjudgment motion. *People v. Bailey*, 2014 IL 115459, ¶ 14. The court, however, may use a *nunc pro tunc* order—at any time—to correct a clerical error. *Peraino v. County of Winnebago*, 2018 IL App (2d) 170368, ¶ 16. *Nunc pro tunc* orders are "limited to incorporating into the record something which was actually previously done by the court but inadvertently omitted by clerical

2

error. It may not be used for supplying omitted judicial action, or correcting judicial errors under the pretense of correcting clerical errors." *People v. Melchor*, 226 Ill. 2d 24, 32-33 (2007).

¶ 9    Here, defendant sought additional sentencing credit not awarded by the court. Because his motion did not concern a correction to conform the record to that previously done by the court, a *nunc pro tunc* order providing defendant with additional sentencing credit would be improper. *People v. White*, 357 Ill. App. 3d 1070, 1072 (2005); *People v. Coleman*, 2017 IL App (4th) 160770, ¶ 23.

¶ 10    We also agree with OSAD that defendant's substantive argument lacks merit. Section 3 of the Act provides in relevant part as follows:

> "The good behavior of any person who commences a sentence of confinement in a county jail for a fixed term of imprisonment after January 1, 1987, shall entitle such person to a good behavior allowance ***." 730 ILCS 130/3 (West 2022).

When construing a statute, our primary objective is to ascertain and give effect to the legislature's intent, keeping in mind that the most reliable indicator of that intent is the statutory language itself, given its plain and ordinary meaning. *People v. Young*, 2011 IL 111886, ¶ 11.

¶ 11    The plain language of section 3 of the Act restricts its application to a person who begins his or her "sentence of confinement in a county jail for a fixed term." 730 ILCS 130/3 (West 2022). Defendant is seeking good conduct credit for his time in the county jail while awaiting trial, which occurred before his sentence began. Further, he was not sentenced to the county jail for a fixed term; he was sentenced to IDOC. Thus, by its plain language, the statute does not apply to him. See *People v. Lindsey*, 199 Ill. 2d 460, 479 (2002) ("The County Jail Good Behavior Allowance Act (730 ILCS 130/1 *et seq.* (West 2000)) governs the diminution of sentence of prisoners in county facilities.").

3

¶ 12 As the circuit court noted, defendant already received full credit for the 318 days he spent in custody before trial. Accordingly, the court properly denied the motion.

¶ 13                              CONCLUSION

¶ 14 As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 15 Motion granted; judgment affirmed.